ROBERT A. WELBURN and SHAULA M. WELBURN, Petitioners, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, and THE HONORABLE J. CHARLES THOMPSON, District Judge, Respondents, and STEPHEN K. BOHMAN and DAWN BOHMAN, Real Parties in Interest.

No. 21246

March 7, 1991                                    806 P.2d 1045

*K. Michael Leavitt* and *David J. Rivers*, Las Vegas, for Petitioners.

*Frankie Sue Del Papa*, Attorney General, Carson City, *Donald Haight*, Deputy, Las Vegas; *Rex Bell*, District Attorney, Clark County, for Respondents.

*David, Wright & Jones* and *Edwin Carney*, Los Angeles, California; *Jimmerson & Davis*, Las Vegas, for Real Parties in Interest.

## OPINION

*Per Curiam:*[1]

This original petition for a writ of mandamus challenges an order of the district court quashing service of process on the real parties in interest.

On June 8, 1988, Stephen K. Bohman and Dawn Bohman, the real parties in interest, executed a note for $139,000 in favor of petitioners Robert A. Welburn and Shaula M. Welburn. The note was secured by a deed of trust with Nevada Title Company, a Nevada corporation, and covered certain real property located in Las Vegas, Nevada. It is uncontroverted that both parties resided in California at all relevant times and still reside there, and that the documents were signed in California. The Bohmans defaulted on the note. On October 26, 1989, the property was sold pursuant to the deed of trust for $97,000. On November 15, 1989, petitioners filed a complaint in the district court seeking a deficiency judgment in the amount of $64,667.26 plus interest, attorney's fees and general damages. The Bohmans moved the district court to quash service of process on the basis that the court lacked personal jurisdiction over them after the Nevada property was sold. Petitioners opposed the motion. On April 30, 1990, the district court entered an order granting the motion and quashing service of process. This petition followed.

Nevada's long-arm statute provides that a person "submits himself . . . to the jurisdiction of the courts of this state as to any cause of action which arises from . . . [o]wning, using or possessing any real property situated in this state." NRS 14.065(2)(c). The long-arm statute is to be interpreted broadly to reach the outer limits of federal constitutional due process. *See* Judas Priest v. District Court, 104 Nev. 424, 425, 760 P.2d 137, 138 (1988); Davis v. State, 97 Nev. 332, 338, 629 P.2d 1209, 1213 (1981), *cert. denied* 454 U.S. 1049 (1981); Certain-Teed Prods. v. District Court, 87 Nev. 18, 23, 479 P.2d 781, 784 (1971). The note which the Bohmans executed in petitioners' favor was secured by Nevada real property, through a Nevada deed of trust. Therefore, petitioners were entitled, following the trustee's sale, to apply to the district court for a deficiency judgment. *See* NRS 40.455(1). Thus, the action for a deficiency judgment arose from the Bohmans' use of the Nevada property, through a Nevada deed of trust, to secure the note. Consequently,

---

[1]This court previously granted this petition in an unpublished order. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we issue this opinion in place of our order filed December 27, 1990.

the long-arm statute provides for personal jurisdiction in the Nevada courts over the Bohmans in the action for a deficiency judgment. *See* NRS 14.065(2)(c).

The assertion of jurisdiction over out of state defendants under the Nevada statute is proper if it does not contravene the due process clause of the United States Constitution. *See* Judas Priest v. District Court, 104 Nev. 424, 425, 760 P.2d 137, 138 (1988) (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)). Jurisdiction over the Bohmans is proper under the federal constitution because: (1) the Bohmans invoked the benefits and protection of Nevada laws by using Nevada real property, through a Nevada deed of trust, as security for the note; (2) the deficiency action resulted therefrom; and (3) jurisdiction over the Bohmans is reasonable. *See* Paccar Intern., Inc. v. Commercial Bank of Kuwait, 757 F.2d 1058, 1062 (9th Cir. 1985) (quoting Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1288 (9th Cir. 1977); *see also* Dwyer v. District Court, Sixth Judicial District, 532 P.2d 725, 727 (Colo. 1975) (jurisdiction proper where defendant's contact with the forum state, although quantitatively minimal, was of substantial import and relevance to the subject matter of the lawsuit).

Jurisdiction over the Bohmans is reasonable because: (1) the Bohmans' use of Nevada real property under a Nevada deed of trust to secure a loan constitutes purposeful interjection into Nevada; (2) coming to Nevada from California is not an excessive burden; (3) the deficiency action does not significantly conflict with California's sovereignty; (4) Nevada has a strong interest in protecting the efficacy of the deficiency statute with respect to out of state owners of Nevada real property; (5) the most efficient judicial resolution of the dispute and (6) the most convenient and effective relief for petitioners appears to be a Nevada deficiency judgment. *See* FDIC v. British-American Ins. Co., Ltd., 828 F.2d 1439, 1442 (9th Cir. 1987). Although California is available as an alternative forum for an action on the note, on balance the exercise of jurisdiction is reasonable.

Furthermore, it would be unreasonable and inequitable to grant the Bohmans the protection of Nevada's one action rule, which required petitioners to first seek satisfaction of the debt by the trustee's sale, *see* NRS 40.430(1), but to deny petitioners the right to apply for a deficiency judgment in Nevada following the trustee's sale. *See generally* Component Systems v. District Court, 101 Nev. 76, 82, 692 P.2d 1296, 1301 (1985) (quoting Keever v. Nicholas Beers Co., 96 Nev. 509, 512, 611 P.2d 1079, 1082 (1980) (NRS Chapter 40 "provides a comprehensive scheme of creditor and debtor protection with respect to the

foreclosure and sale of real property subject to security interests"). The Bohmans' argument regarding which state's law should apply in the action below is not dispositive of the issue of jurisdiction.

In light of the above, we conclude that the district court abused its discretion by granting the motion to quash service of process. Therefore, we grant this petition for writ of mandamus. The clerk of this court shall forthwith issue a writ of mandamus compelling the district court to vacate its order granting the Bohmans' motion to quash service of process and to exercise personal jurisdiction over the Bohmans.