VIOLET S. VERREAUX, VALORIE CARLIN VERREAUX, AND EDWARD SCOTT VERREAUX, III, APPELLANTS, v. SUSAN D'ONOFRIO, RESPONDENT.

No. 21472

January 30, 1992                                     824 P.2d 1021

*Graziadei & Cantor,* Las Vegas, for Appellants.

*Compton & Kemp,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

## Facts

On April 21, 1983, appellants Violet, Valorie, and Edward Verreaux (the Verreauxes) sold a residential apartment building located in Clark County, Nevada, for a consideration which included, as partial payment, a note in the amount of $20,000. The note was payable in Las Vegas, Nevada, and secured by a second deed of trust on the apartment building. Subsequently, on September 16, 1985, respondent, Susan D'Onofrio, purchased the apartment building and assumed the note. On the same date, the Verreauxes and D'Onofrio executed an amendment to the note which expressly provided that the Verreauxes did not waive their rights to secure redress on the note and deed of trust. Both the Verreauxes and D'Onofrio were residents of California. The Verreauxes' security interest was destroyed on June 18, 1986, when the property was conveyed pursuant to a trustee's sale.

The Verreauxes filed a complaint in Nevada to recover the principal and interest due on the note. D'Onofrio filed a motion to dismiss that was granted by the district court on the theory that California's anti-deficiency law[1] applied, barring Verreauxes' claim. For the reasons set forth below, we reverse.

## Discussion

Choice of law considerations implicate the Due Process Clause (fairness to the litigants) and the Full Faith and Credit Clause (respect for another sovereign). Allstate Insurance Co. v. Hague, 449 U.S. 302, 308 (1981). D'Onofrio had sufficient contacts with Nevada concerning both the transaction and the breach of its terms to render unavailing complaints of unfairness in the application of Nevada law. D'Onofrio assumed a note secured by a Nevada deed of trust in conjunction with the purchase of Nevada real estate. Moreover, D'Onofrio agreed to make payments under the secured note in Las Vegas, Nevada, or as directed. Finally, D'Onofrio operated the apartment complex in Nevada that was the subject of the controversy. These facts reflect sufficient contacts with Nevada, and a sufficient state interest in applying Nevada's own law, to warrant the conclusion that the choice of Nevada law is constitutional and not arbitrary or fundamentally unfair. *See* Hague, 449 U.S. at 312-13.

D'Onofrio's significant aggregation of contacts with Nevada

---

[1]Cal. Civ. Proc. Code § 580(b) (West Ann. 1976 and Supp. 1991).

created in Nevada a substantial interest in upholding its own law and policies. "NRS Chapter 40 'provides a comprehensive scheme of creditor and debtor protection with respect to 'the foreclosure and sale of real property subject to security interests.'" Welburn v. District Court, 107 Nev. 105, 108, 806 P.2d 1045, 1047 (1991) (quoting Component Systems v. District Court, 101 Nev. 76, 82, 692 P.2d 1296, 1301 (1980)); *see* NRS 40.455 (deficiency judgment); *cf.* Key Bank v. Donnels, 106 Nev. 49, 51-52, 787 P.2d 382, 384 (1991); Sievers v. Diversified Mtg. Investors, 95 Nev. 811, 815, 603 P.2d 270, 273 (1979); Kish v. Bay Counties Title Guaranty Co., 254 Cal.App.2d 725 (Cal.Ct.App. 1967). This court stated in *Welburn* that Nevada deficiency actions do not significantly conflict with California's sovereignty and "Nevada has a strong interest in protecting the efficacy of the deficiency statute with respect to out of state owners of Nevada real property."[2] Welburn, 107 Nev. at 107, 806 P.2d at 1047.

Accordingly, we conclude that Nevada's interest in applying Nevada law outweighs California's interest in having its anti-deficiency legislation applied in the instant case. Following the trustee's sale, the Verreauxes were entitled to apply to the district court for a deficiency judgment pursuant to NRS 40.455(1). We therefore reverse the district court's order dismissing appellants' complaint and remand this matter for further proceedings in accordance with this opinion.

MOWBRAY, C. J., ROSE, STEFFEN and YOUNG, JJ., and HUFFAKER, D.J.,[3] concur.

---

[2]California's anti-deficiency statute derogates from the common law. Key Bank v. Donnels, 106 Nev. 49, 787 P.2d 382 (1990) (citing 3 Sutherland, *Statutory Construction* § 61.01 (4th ed. 1986)).

[3]The Honorable Stephen L. Huffaker, Judge of the Eighth Judicial District, was designated by the Governor to sit in the place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. 6, § 4.