BETTY (RATNER) TRUBENBACH, Appellant, v. VICTOR AMSTADTER, Executor of the Estate of Morris M. Ratner, Deceased, Respondent.

No. 22692

March 24, 1993                                    849 P.2d 288

*Law Offices of Thomas D. Beatty,* Las Vegas, for Appellant.

[11]The Honorable Miriam Shearing, Justice, did not participate in the decision of this appeal.

[12]The Honorable Charles E. Springer, Justice, appointed The Honorable David Zenoff, Senior Justice, to sit in place of The Honorable John C. Mowbray, Justice.

*Netzorg, Raleigh, Hunt & McGarry,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

After a divorce trial, a California Superior Court awarded a $135,688.68 judgment to Betty Ratner Trubenbach (Trubenbach) on December 17, 1974. The judgment accrued interest at the rate of seven percent per annum from November 1, 1974, and provided for court costs of $900.00 and attorney's fees of $6,000.00.

Between December 17, 1974, and October 24, 1983, Morris M. Ratner (Ratner), Trubenbach's ex-husband, partially satisfied the judgment by paying Trubenbach $48,325.50. Ratner moved to Nevada in or around 1980, and Trubenbach had notice of his relocation. On November 1, 1983, Trubenbach timely renewed the judgment in California. Under California law, the judgment is still enforceable. Trubenbach, a California resident since 1974, never formally enforced the judgment in California.

Between December 1, 1988, and November 8, 1989, Ratner paid Trubenbach $1,000.00 per month. On November 9, 1989, Ratner died in Nevada. At the time of his death, he was a Nevada resident. Victor Amstadter (Amstadter) is the duly appointed executor of Ratner's estate (the Estate). On January 18, 1990, the Estate filed a ninety-day notice to its creditors. On April 9, 1990, Trubenbach timely filed a creditor's claim in Nevada, claiming that Ratner still owed her $187,350.19. On May 7, 1990, the Estate rejected Trubenbach's claim on the grounds that the Nevada statute of limitations had expired. On August 8, 1990, Trubenbach served the Estate with a notice of renewal of the judgment which had been filed in the Superior Court of California for the County of Los Angeles. On July 17, 1991, Trubenbach filed a notice of foreign judgment in a Nevada district court.

The parties agree that the California judgment is valid, and that Nevada law applies to the dispute. *See* Verreaux v. D'Onofrio, 108 Nev. 142, 824 P.2d 1021 (1992) (a California resident's significant aggregation of contacts with Nevada created a substan-

tial interest in Nevada's upholding its own law and policies). However, the parties dispute when the Nevada statute of limitations commences to run for the enforcement of a foreign judgment under the Uniform Enforcement of Foreign Judgments Act (UEFJA), NRS 17.330 to 17.400, inclusive. The enforceability of the judgment depends on this court's resolution of the issue of what date triggers commencement of the statute of limitations.

With respect to the statute of limitations on the enforcement of judgments, California has a ten-year period and Nevada has a six-year period. Cal. Civ. Proc. Code § 683,020;[1] NRS 11.190(1)(a); NRS 17.350.[2] To protect a judgment debtor from the excessive compounding of interest, California prohibits the renewal of a judgment within five years.[3] Nevada places no limit on the number of times a party may timely renew a judgment. Concerning which statute of limitations applies to the enforcement of a foreign judgment, a question of first impression in Nevada, this court has five options as to when the Nevada six-year statute of

---

[1]California Civil Procedure Code § 683.020 (West Ann. 1987 & Supp. 1992) provides:

> Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property:
> (a) The judgment may not be enforced.
> (b) All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease.
> (c) Any lien created by an enforcement procedure pursuant to the judgment is extinguished.

[2]NRS 11.190(1)(a) provides:

> Actions other than those for the recovery of real property, unless further limited by specific statute, can only be commenced as follows:
> 1. Within 6 years:
> (a) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States, or the renewal thereof.

NRS 17.350, "Filing and status of foreign judgments," provides:

> An exemplified copy of any foreign judgment may be filed with the clerk of any district court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner.

[3]California Civil Procedure Code § 683.110(b) (West Ann. 1987 & Supp. 1992) provides:

> A judgment shall not be renewed under this article if the application for renewal is filed within five years from the time the judgment was previously renewed under this article.

limitations period starts to run: (1) the date of the entry of the original foreign judgment, (2) the date of the renewal of the foreign judgment in the rendering state, (3) the date the judgment debtor becomes a resident of Nevada, (4) the date on which the judgment creditor receives actual or constructive notice that the judgment debtor has become a resident of Nevada, or (5) the date on which a valid foreign judgment is registered in Nevada. We conclude option (5) is the most functional and that most likely intended by the Legislature.

Article IV, § 1 of the United States Constitution, the Full Faith and Credit Clause, provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

In M'Elmoyle v. Cohen, 38 U.S. (13 Pet.) 312 (1839), the seminal case on statute of limitations with respect to the enforcement of foreign judgments, the United States Supreme Court stated as follows:

> [T]he statute of limitations may bar recoveries upon foreign judgments; . . . the effect intended to be given under our Constitution to judgments, is, that they are conclusive only as regards the merits; the common law principle then applies to suits upon them, that they must be brought within the period prescribed by the local law, the lex fori, or the suit will be barred.

*Id.* at 328; *see* Watkins v. Conway, 385 U.S. 188 (1966) (violation of equal protection clause for forum state to have different statutes of limitations for enforcement of foreign and domestic judgments); Bacon v. Howard, 61 U.S. (20 How.) 22, 25 (1857) ("rules of prescription remain . . . in the full power of every State"). The United States Supreme Court reaffirmed *M'Elmoyle* in Sun Oil v. Wortman, 486 U.S. 717, 722 (1988), stating that "the Constitution does not bar application of the forum State's statute of limitations to claims that in their substance are and must be governed by the law of a different State."

With respect to the application of NRS 11.190(1)(a) and NRS 17.350 to the enforcement of foreign judgments, three cases from sister states examining the UEFJA are instructive. In Pan Energy v. Martin, 813 P.2d 1142 (Utah 1991), the plaintiff obtained an Oklahoma judgment in September, 1982, and registered the judgment in Utah under Utah's version of the UEFJA in August, 1987. Under Oklahoma law, a judgment becomes unenforceable

when the judgment creditor does not execute on it within five years. Consequently, the Oklahoma judgment became "dormant" in Oklahoma, the originating state, one month after the creditor filed it under the UEFJA in Utah, the forum state, which has an eight-year statute of limitations. The Utah Supreme Court held that "at least for purposes of enforcement, the filing of a foreign judgment under [the Utah Foreign Judgment Act] creates a new Utah judgment which is governed by the Utah statute of limitations." *Id.* at 1144.

In Producers Grain Corporation v. Carroll, 546 P.2d 285 (Okla.Ct.App. 1976), a creditor filed a foreign judgment under the Oklahoma UEFJA more than three years, but less than five years, after it was entered. The *Carroll* court studied a statute similar to NRS 17.350, and stated that "[u]nder this provision the mere act of filing, in substance, transfers the properly authenticated foreign judgment into an Oklahoma judgment." *Id.* at 287. In *Carroll,* the court held that Oklahoma's special three-year statute of limitations for commencement of an action on a foreign judgment did not apply to enforcement proceedings under the Oklahoma UEFJA. *Id.* at 288.

Finally, in Hunter Technology, Inc. v. Scott, 701 P.2d 645 (Colo.Ct.App. 1985), the Colorado Court of Appeals held that the mere filing of a valid foreign judgment creates a judgment in the sister state. In *Hunter Technology,* a creditor obtained a judgment in California in February, 1975, and registered it in Colorado in April, 1983. The court held that the creditor's simple act of filing made the foreign judgment identical to a Colorado judgment for all purposes. The court stated that "[t]he Uniform Act has no time deadlines for filing." *Id.* at 646. Therefore, the statute of limitations did not apply to the creditor's filing in Colorado. *Id.*

Based on the foregoing cases and the fact that Nevada does not limit the number of times a party may renew a judgment, we conclude that when a party files a valid foreign judgment in Nevada, it constitutes a new action for the purposes of the statute of limitations. Thus, when Trubenbach filed a notice of a valid foreign judgment in a Nevada district court in July, 1991, NRS 11.190(1)(a) began running. Because the six-year statute of limitations has not expired, Trubenbach's claim is valid and enforceable in Nevada. We therefore reverse and remand this case to the district court for entry of judgment against the Estate.[4]

---

[4]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this appeal.