OPINION
By the Court,
Douglas, J.:
In this case, a judgment creditor domesticated a foreign judgment in Nevada but failed to enforce the domesticated judgment within Nevada’s six-year limitation period for the enforcement of judgments. Then, after successfully renewing the judgment in the issuing jurisdiction, the judgment creditor domesticated the renewed foreign judgment in Nevada.
Thus, in this appeal, we consider whether a judgment creditor’s valid renewal of a foreign judgment allows the creditor to domesticate the renewed foreign judgment, when the creditor failed to enforce the original domesticated foreign judgment within Nevada’s limitation period for the enforcement of judgments. We conclude that upon showing that the foreign judgment is valid and enforceable in the issuing state, a judgment creditor may domesticate a new foreign judgment in Nevada, even after Nevada’s limitation period for the enforcement of judgments has expired on the original domesticated foreign judgment.

FACTS AND PROCEDURAL HISTORY

This case arises from a series of government contracts for the production of military clothing. The contracts were awarded to appellant Maurice L. Bianchi, who financed the project with money borrowed from respondent Bank of America. Bianchi assigned the proceeds and rights associated with each contract to the bank as security for the loan.
A dispute arose between Bianchi and the government regarding Bianchi’s performance under the contracts, and the government eventually terminated two of the contracts due to Bianchi’s alleged failure to perform. Thereafter, Bianchi defaulted on his loans from the bank and litigation ensued in California, which resulted in a jury verdict in favor of the bank in the amount of $3,544,977. The California court entered a judgment on the jury’s verdict in 1993.[1]
*474 In 1994, the bank registered the California judgment in Nevada as a foreign judgment under the Uniform Enforcement of Foreign Judgments Act (UEFJA).[2] The Nevada district court then domesticated the foreign judgment. However, the bank failed to take any further action on the domesticated foreign judgment within Nevada’s six-year limitation period for the enforcement of judgments.[3] As a result, the domesticated foreign judgment became dormant in 2000.
Then in 2002, one year prior to the running of California’s ten-year limitation period for the enforcement of judgments, the bank successfully petitioned the California court to renew the California judgment.[4] This left the bank with a valid California judgment and a dormant domesticated foreign judgment in Nevada.
In 2004, after renewing the judgment in California, the bank domesticated the renewed California judgment in the Nevada district court.[5] Bianchi responded with a motion to vacate the judgment, arguing that the limitation period for the enforcement of judgments had run on the domesticated foreign judgment. The district court denied Bianchi’s motion to vacate the judgment and concluded that under California law a renewed California judgment constitutes a new action, and thus, it was proper for the bank to domesticate the renewed foreign judgment in Nevada. This appeal followed.

DISCUSSION

On appeal, Bianchi contends that the district court erred in denying his motion to vacate the bank’s domestication of the renewed foreign judgment because the original domesticated foreign judgment was time-barred under Nevada’s six-year limitation period for the enforcement of judgments. We disagree.
As an initial matter, we note that Bianchi’s motion to vacate was essentially a request for relief from a void judgment under NRCP 60(b). “Motions under NRCP 60(b) are within the sound discretion of the district court, and this court will not disturb the district court’s decision absent an abuse of discretion.”[6]
*475 The issue before us is whether a judgment creditor may domesticate a valid and enforceable renewed foreign judgment in Nevada after Nevada’s six-year limitation period for the enforcement of judgments has run on the original domesticated foreign judgment. Thus, our inquiry is a dual one — whether the underlying foreign judgment, as renewed, is valid and enforceable in the issuing state and whether we must give such judgment full faith and credit when Nevada’s six-year limitation period for the enforcement of the original domesticated foreign judgment has run.[7]
The underlying foreign judgment was first entered against Bianchi in 1993 by the California court. Under California’s ten-year limitation period for the enforcement of judgments, the enforceability of the California judgment was set to expire in 2003, absent some affirmative action by the bank to renew the judgment.[8] Then, in 2002, the bank sought the timely renewal of its California judgment.[9] Without further court proceedings, the California judgment was renewed and the validity and enforceability was extended to 2012.[10] Thus, we conclude that the bank’s second domesticated foreign judgment was based on a valid and enforceable foreign judgment.
Our conclusion that the underlying renewed foreign judgment was valid and enforceable in the issuing state, however, does not end our inquiry. We must also consider whether it was proper for the bank to domesticate the renewed foreign judgment in Nevada, when Nevada’s limitation period for the enforcement of judgments had expired on the original domesticated foreign judgment.
In denying Bianchi’s motion to vacate, the district court concluded that a judgment creditor may domesticate a renewed foreign judgment in Nevada, even after Nevada’s limitation period for the enforcement of judgments has run on the original domesticated foreign judgment. In rendering its decision, the district court explained that under California law, the renewal of a California judgment is treated as a new judgment, and thus, the bank was allowed to domesticate the renewed foreign judgment in Nevada.
Contrary to the district court’s assertion, California has taken the position that the renewal of a California judgment does not create a new judgment — it merely extends the period of the judgment’s *476 enforceability.[11] California’s conclusion is immaterial to our analysis, however, because once the process of domesticating the California judgment in Nevada began, Nevada’s version of the UEFJA applied to questions of validity and enforcement.[12]
The dispositive question then is whether Nevada’s UEFJA allows for a foreign judgment to be filed again when the original judgment, rendered by the issuing state, remains valid and enforceable. Nevada has not ruled on this specific question. However, applying a version of the UEFJA similar to Nevada’s, the Oklahoma Court of Civil Appeals concluded that, so long as a judgment remains valid and enforceable in the issuing state, the judgment may be filed again in a foreign jurisdiction.[13] The court there explained that “[bjoth the original judgment [rendered by the issuing state] and the new judgment will ... be viewed independently for purposes of collection, renewal, and enforceability.”[14] The Oklahoma court’s analysis of the UEFJA is persuasive as to this issue, and Bianchi has failed to provide us with any opposing or contrary authority that would prevent a judgment creditor from filing a new domesticated foreign judgment in Nevada, so long as the foreign judgment is valid and enforceable in the issuing state.[15] Accordingly, because the district court arrived at the correct decision, even though it misinterpreted California law, we affirm that decision.[16]
There is no question that after six years of inaction, the original domesticated foreign judgment became unenforceable under Nevada’s limitation period for the enforcement of judgments. “But there is no reason that another . . . judgment may not be created by a second filing ... so long as the original [foreign] [judgment *477 remains valid and enforceable.”[17] Under this conclusion, “[t]he judgment debtor is no worse off, and the judgment creditor must still comply with the filing requirements and potential defenses found in [the Uniform Enforcement of Foreign Judgments Act].”[18]
Accordingly, we conclude that the running of Nevada’s limitation period for the enforcement of judgments on the original domesticated foreign judgment did not preclude the bank from domesticating a renewed foreign judgment in Nevada when the underlying foreign judgment was valid and enforceable.

CONCLUSION

We conclude that a judgment creditor may enforce a renewed domesticated foreign judgment in Nevada, even if Nevada’s limitation period for the enforcement of judgments has run on the original domesticated foreign judgment, when the underlying foreign judgment is valid and enforceable in the issuing state. Accordingly, we affirm the district court’s order.
Hardesty and Parraguirre, JJ., concur.

 The California judgment erroneously assessed damages against Bianchi’s wife, F. Aliene Bianchi. However, this clerical error was corrected to include Maurice Bianchi as the sole judgment debtor shortly after the judgment was entered.

 See NRS 17.330-.400.

 See NRS 11.190(1)(a).

 See Cal. Civ. Proc. Code §§ 683.020, 683.110 (West 1987).

 The bank again failed to remove F. Aliene Bianchi as a judgment debtor. Therefore, the bank was compelled to file a withdrawal of recordation of foreign judgment in order to amend the application for renewal. The bank filed its final domestication of foreign judgment in 2006.

 Deal v. Baines, 110 Nev. 509, 512, 874 P.2d 775, 777 (1994).

 The Full Faith and Credit Clause provides that “Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.” U.S. Const. art. IV, § 1. In Nevada, full faith and credit to the enforcement of foreign judgments is given upon compliance with the Nevada UEFJA (NRS 17.330-.400).

 Cal. Civ. Proc. Code § 683.020 (West 1987).

 See Cal. Civ. Proc. Code §§ 683.110-.220 (West 1987).

 See Cal. Civ. Proc. Code § 683.120 (West 1987).

 Jonathan Neil & Associates, Inc. v. Jones, 42 Cal. Rptr. 3d 350, 356 (Ct. App. 2006); see Cal. Civ. Proc. Code § 683.020 (West 1987).

 See Singh v. Sidana, 904 A.2d 721, 724 (N.J. Super. Ct. App. Div. 2006) (concluding that “[o]nce the process of domesticating the California judgment in New Jersey began, New Jersey law applied to questions of validity and enforcement”).

 Yorkshire West Capital, Inc. v. Rodman, 149 P.3d 1088, 1092 (Okla. Civ. App. 2006).

 Id.

 In so holding, we reject Bianchi’s contention that the bank is time-barred from domesticating a renewed foreign judgment in Nevada after Nevada’s statute of limitations has run on the original domesticated foreign judgment. See Trubenbach v. Amstadter, 109 Nev. 297, 849 P.2d 288 (1993). In Trubenbach, this court merely settled the issue of when Nevada’s six-year statute of limitations would commence to run under the Act. Id. at 299-300, 849 P.2d at 289 (concluding that Nevada’s statute of limitations shall commence to run on “the date on which a valid foreign judgment is registered in Nevada”). Thus, the court was not presented with and did not address the issue that we now decide.

 See Sengel v. IGT, 116 Nev. 565, 570, 2 P.3d 258, 261 (2000) (concluding that this court may affirm the district court’s order when it reaches the right decision, even if for the wrong reasons).

 Yorkshire West Capital, Inc., 149 P.3d at 1092.

 Id.