KAUGER, J.:
 

 ¶1 We retained this cause to address the dispositive issue of whether a Colorado judgment, which is enforceable in Colorado for twenty years after the judgment is entered, is also enforceable in Oklahoma when the first attempt is abandoned and it is re-filed after Oklahoma's five year limitation period lapsed. We hold that when a judgment creditor seeks to enforce a Colorado judgment a second time in Oklahoma, after Oklahoma's limitation period has lapsed on the original judgment, the underlying original Colorado judgment which is enforceable for twenty years may be enforced in Oklahoma.
 

 FACTS
 

 ¶2 On June 4, 2007, the District Court of Logan County, Colorado, granted the plaintiffs/appellants, Taracorp, LTD., and Tara and Kelly Barlean (collectively, Taracorp) a default judgment against the defendants/appellees, Jeff Dailey d/b/a A.J.'s Bargain World (collectively Dailey). The lawsuit apparently stemmed from Taracorp's allegations that Dailey breached a fiduciary duty and defrauded Taracorp by witholding inventory, skimming inventory, and wrongfully converting money given to them from Taracorp to broker inventory of salvaged merchandise. The Colorado Court awarded Taracorp $76,200.00 in damages, $76,200.00 in exemplary damages, and costs of $391.00 which totaled $152,791.00.
 

 ¶3 Three days later, on June 7, 2007, Taracorp filed the Colorado judgment in the District Court of Pottawatomie County, Oklahoma, Case No. C-07-659. Taracorp is located in Sterling, Colorado, and Dailey resided in Pottawatomie County, Oklahoma in 2007. The filing sought to impose a lien on real estate of the judgment debtors pursuant to
 
 12 O.S. 2001
 
 § 706.
 
 [1]
 
 On July 27, 2007, Taracorp
 
 *219
 
 filed an Application to Require Judgment Debtor to Answer Assets. A court minute filed September 6, 2007, reflects that a hearing on assets was scheduled, but stricken because neither party appeared. The September 6, 2007, court minute is the last docket entry in that case.
 

 ¶4 Approximately nine years later, on May 23, 2016, Taracorp re-filed the 2007 Colorado judgment in the District Court of Marshall County, Oklahoma. Apparently, Dailey, now resides in Marshall County, Oklahoma. On June 8, 2016, Dailey filed a Motion to Quash Filing of Foreign Judgment, arguing that it was not enforceable pursuant to
 
 12 O.S. 2011
 
 § 735 because five years had lapsed from the 2007 date when the Colorado judgment was entered.
 
 [2]
 
 Dailey also relied upon our decision in
 
 Drllevich Construction, Inc.
 
 v.
 
 Stock
 
 ,
 
 1998 OK 39
 
 ,
 
 958 P.2d 1277
 
 , which provides that an out-of-state judgment is enforceable in Oklahoma when it is filed in Oklahoma.
 

 ¶5 Taracorp argues that because Colorado Revised Statutes 13-52-102 allows a judgment entered in a District Court of the State of Colorado to be enforced for up to twenty years after the date of issuance, the motion to quash must be denied.
 
 [3]
 
 Taracorp also relied on the published Court of Civil Appeals opinion of
 
 Yorkshire West Capital
 
 ,
 
 Inc
 
 . v.
 
 Rodman
 
 ,
 
 2006 OK CIV APP 152
 
 ,
 
 149 P.3d 1088
 
 as persuasive authority in support of its argument.
 
 [4]
 

 Yorkshire
 
 held that nothing prevented the re-filing a second time in Oklahoma as long as the foreign judgment remained valid and enforceable in the original state.
 

 ¶6 After an August 3, 2016, hearing, the trial court filed an order on August 31, 2016, granting Dailey's motion to quash the Colorado judgment. Taracorp appealed on September 23, 2016, and on July 6, 2017, the Court of Civil Appeals vacated the trial court's order which had quashed the Colorado judgment and remanded the cause for further proceedings. We granted certiorari on December 11, 2017.
 

 ¶7 THE COLORADO JUDGMENT IS ENFORCEABLE IN OKLAHOMA AS LONG AS IT IS ENFORCEABLE IN COLORADO.
 

 ¶8 Dailey argues that once a domesticated foreign judgment has become unenforceable
 
 *220
 
 due to dormancy and the lapse of five years, it cannot become enforceable by merely refiling the same judgment in another Oklahoma district court. Taracorp argues that as long as the Colorado judgment remains valid and enforceable in Colorado, it can be filed in Oklahoma regardless of whether it is only filed once or re-filed a second time.
 

 ¶9 The Uniform Enforcement of Foreign Judgments Act (the Act)
 
 12 O.S. 2011
 
 §§ 719 - 726, governs judgments issued in another state and then filed in Oklahoma for purposes of execution/collection.
 
 [5]
 
 The Act provides that such judgments, once filed in Oklahoma, are treated the same as if they were initially issued in Oklahoma.
 
 [6]
 
 While the Act requires construction to effectuate uniformity and conformity to its general purpose, it does not address re-filing of judgments.
 
 [7]
 

 ¶10 Initially, we addressed the filing of such judgments in Oklahoma in
 
 FirstofDenverMortg
 
 .
 
 Investors
 
 v.
 
 Riggs
 
 ,
 
 1984 OK 36
 
 ,
 
 692 P.2d 1358
 
 .
 
 Riggs
 
 involved a judgment creditor who obtained a money judgment against a judgment debtor in Colorado on January 20, 1977. The judgment creditor filed the Colorado judgment in Oklahoma County, Oklahoma, on October 17, 1977. Subsequently, the judgment debtor made a partial payment and the creditor executed a partial release, but no writ of execution was ever issued on the Oklahoma filing.
 

 ¶11 Five years later, the judgment creditor re-filed the Colorado judgment in Oklahoma County, Oklahoma, on December 31, 1982. The judgment debtor sought to quash the judgment, arguing that the re-filing did not revive the judgment, which had been dormant after five years pursuant to Oklahoma's dormancy statute,
 
 12 O.S. 2011
 
 § 735.
 
 [8]
 
 The
 
 Riggs
 
 Court held that the rendition of judgment in the originating forum state starts the dormancy period running when the Act is brought into play. The Act in Oklahoma gives the foreign judgment the same effect as a judgment of this state. Consequently, the Colorado judgment, filed in Oklahoma, was to be treated as if it were rendered in Oklahoma
 
 *221
 
 on the same date it was rendered in Colorado. Under the facts of
 
 Riggs
 
 , the judgment became dormant in January of 1982.
 

 ¶12
 
 Riggs
 
 , supra, did not remain the law for long. Five years later, in
 
 DrllevichConstruction
 
 ,
 
 Inc
 
 . v.
 
 Stock
 
 ,
 
 1998 OK 39
 
 ,
 
 958 P.2d 1277
 
 , we overruled
 
 Riggs
 
 , supra, noting that it was a minority view. Although
 
 Drllevich
 
 did not involve a second filing attempt in Oklahoma, it did concern a construction company which attempted to enforce a Washington state judgment in Oklahoma nearly ten years after the judgment was entered. The Washington judgment was rendered on November 14, 1985, as a result of an embezzlement case. Nearly ten years later, on July 6, 1995, the judgment debtor was served with a "Notice of Filing of Foreign Judgment" via certified mail.
 

 ¶13 In overruling
 
 Riggs
 
 , supra, we said in ¶ 10-12:
 

 ¶10
 
 Riggs'
 
 approach places its only real emphasis on the judgment's date of rendition in the originating state. Any ability to enforce the judgment in the state of origin plays no role in the ability to register the judgment for enforcement in Oklahoma under
 
 Riggs
 
 . This lack of focus on the original judgment's enforceability is not a universally shared approach. In fact, Oklahoma's position is a minority one.
 

 ¶ 11 The Uniform Enforcement of Foreign Judgments Act "shall be interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it."
 
 12 O.S. 1991
 
 § 726. Oklahoma's minority position is such that it does not achieve the purpose expressly outlined in § 726, "to make uniform the law of those states which enact it." In addition, the current interpretation of the law under
 
 Riggs
 
 provides a framework within which judgment debtors may be able to shield themselves from legitimate judgments, simply by making Oklahoma their home.
 

 ¶ 12 We can find nothing in Oklahoma's Uniform Enforcement of Foreign Judgments Act or any other enactments of our Legislature indicating this is a public policy either adopted or encouraged by our state. In an effort to achieve the goals of § 726 and provide a framework within which legitimate judgments may be executed upon in a timely manner,
 
 Riggs'
 
 limited and unwavering focus on the judgment's rendition in the originating state must be reconsidered.
 

 ¶14 The Court relied on the Utah Supreme Court's decision in
 
 PanEnergy
 
 v.
 
 Martin
 
 ,
 
 813 P.2d 1142
 
 (Utah 1991) to illustrate the rationale that foreign judgments should be treated as local judgments once they have been filed with the clerk of a district court. Once filed, the foreign judgment is subject to the same procedures to attack or enforce it as a local judgment. The filing of a foreign judgment creates a new local judgment which is governed by the local statute of limitations. Because the
 
 Drllevich
 
 construction company registered the November 14, 1985, Washington judgment in Oklahoma on July 6, 1995, within ten years of the original judgment,
 
 [9]
 
 the Washington judgment was as enforceable as if it had been rendered as an Oklahoma judgment on July 6, 1995.
 

 ¶15
 
 PanEnergy
 
 ,
 
 supra,
 
 involved a 1982 judgment rendered in Oklahoma and filed in Utah in August of 1987. Pursuant to
 
 12 O.S. 1991
 
 § 735,
 
 [10]
 
 the Oklahoma judgment lapsed after five years. In August of 1987, one month before the Oklahoma judgment became dormant, the plaintiff filed the Oklahoma judgment in Utah. Because the judgment subsequently became unenforceable in Oklahoma, the judgment debtor sought to prevent enforcement in Utah. The Utah Supreme Court held that if a foreign judgment is filed in Utah, and subsequently becomes dormant in the state of rendition, its enforceability in Utah is unaffected.
 

 *222
 
 ¶16 While the policies supporting both the
 
 Drllevich
 
 , supra, and
 
 PanEnergy
 
 ,
 
 supra,
 
 remain persuasive, neither case is wholly dispositive of this cause. Here, the Colorado judgment was timely filed in Oklahoma in 2007. However, it was abandoned without following any of Oklahoma's or Colorado's renewal statutes, and subsequently re-filed in 2016, after Oklahoma's dormancy period of five years had lapsed, but within Colorado's twenty year dormancy period. Neither
 
 Drllevich
 
 , supra, nor
 
 PanEnergy
 
 ,
 
 supra,
 
 address this situation directly. Nor does
 
 Watkins
 
 v.
 
 Conway
 
 ,
 
 385 U.S. 188
 
 ,
 
 87 S.Ct. 357
 
 ,
 
 17 L.Ed.2d 286
 
 (1966), a United States Supreme Court case relied upon by Taracorp.
 

 ¶17 In
 
 Watkins
 
 , the judgment creditor obtained a Florida judgment where the limitation period for domestic judgments was twenty years. Five years and one day later, he sought to enforce the Florida judgment in Georgia where a Georgia statute required that suits on foreign judgments be brought within five years after obtained in their issuing state. The United States Supreme Court held that no full faith and credit issue existed because all the judgment creditor had to do was return to Florida, revive his judgment, and come back to Georgia and file suit within five years. The Court interpreted the Georgia statute as barring suits only if the plaintiff could not revive the judgment in the state originally obtained. Although the facts of
 
 Watkins
 
 are also not wholly dispositive of this cause because there was no initial filing which was abandoned and then re-filed a second time years later, the rationale remains persuasive.
 

 ¶18 When we decided
 
 Drllevich
 
 , supra, we aligned ourselves with other jurisdictions who were also in the majority view.
 
 [11]
 
 Some of these jurisdictions and others have since addressed the issue of re-filing, or second filing of the foreign judgments similar to this cause. For example, in
 
 WellsFargoBank
 
 ,
 
 N
 
 .
 
 A
 
 . v.
 
 Kopfman
 
 ,
 
 226 P.3d 1068
 
 (2010), the Colorado Supreme Court addressed the issue in a cause involving a 1999 Arizona judgment which was timely filed in Colorado. Within three months after filing, the Colorado Court established a judgment lien against real property owned by the judgment debtors in
 
 *223
 
 Colorado. Subsequently, the judgment debtors filed for bankruptcy which discharged their debts, but not the judgment lien.
 

 ¶19 In January of 2004, one year before the Colorado judgment lien was to expire, the judgment creditor renewed the judgment in Arizona for another five-year period. The
 
 Kopfman
 
 Court held that the Arizona judgment was enforceable in Colorado. In
 
 Worthington
 
 v.
 
 Miller
 
 ,
 
 11 Kan.App.2d 396
 
 ,
 
 727 P.2d 928
 
 (1986), a judgment creditor obtained a default judgment against a defendant in Colorado in 1974. When the judgment remained unsatisfied for 10 years, the judgment creditor obtained an order from the Colorado courts, reviving the Colorado judgment in January of 1984. The judgment creditor then pursued enforcement in Kansas in June of 1984. Because Kansas had a five-year limitation period, the debtor argued that the revival was untimely. The Court disagreed and held that it was timely filed in Kansas, and that it was entitled to full faith and credit.
 

 ¶20 Most similar to our facts is
 
 Bianchi
 
 v.
 
 BankofAmerica
 
 ,
 
 124 Nev. 472
 
 ,
 
 186 P.3d 890
 
 (2008). In
 
 Bianchi
 
 , the judgment creditor obtained a California judgment in 1993, and in 1994, registered the judgment in Nevada as a foreign judgment. However, the creditor failed to take any action on the judgment, and Nevada's six-year limitation period for enforcement of judgments lapsed. Then, in 2002, one year prior to the running of California's ten-year limitation period for the enforcement of judgments, the creditor successfully revived the judgment in California, and then sought again to enforce the renewed judgment in Nevada. The Nevada Supreme Court held that where the underlying judgment rendered by the issuing state is valid and enforceable in the issuing state, it may be filed again in the foreign jurisdiction.
 

 ¶21 The cumulative teachings of
 
 Drllevich
 
 , supra,
 
 Watkins
 
 ,
 
 supra,
 

 WellsFargo
 
 , supra,
 
 Worthington
 
 ,
 
 supra,
 
 and
 
 Bianchi
 
 ,
 
 supra,
 
 instruct that even if the Oklahoma limitation period for enforcement has expired, and the initial attempt at timely enforcing a Colorado judgment has been abandoned, a Colorado judgment creditor may still enforce a domesticated judgment in Oklahoma. The Colorado statute of limitations on domestic judgment is twenty years,
 
 [12]
 
 thus Taracorp still has ample time to enforce its Colorado judgment because it is still valid and enforceable in the issuing state. This ensures, rather than denies, full faith and credit or equal protection.
 
 [13]
 

 CONCLUSION
 

 ¶22 The Uniform Enforcement of Foreign Judgments Act (the Act)
 
 12 O.S. 2011
 
 §§ 719 - 726, governs judgments issued in another state and then filed in Oklahoma for purposes of execution/collection.
 
 [14]
 
 The Act provides that such judgments, once filed in Oklahoma, are treated the same as if they were initially issued in Oklahoma.
 
 [15]
 
 Although the Act does not address re-filing of sister-state judgments, a judgment creditor may enforce a domesticated judgment in Oklahoma. Enforcement may be done, even if Oklahoma's limitation period for enforcement of judgments has run on the original domesticated foreign judgment.
 

 CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 

 GURICH, V.C.J., KAUGER, WINCHESTER, COLBERT, REIF, WYRICK, JJ., KUEHN, S.J. and KILGORE, S.J., concur.
 

 COMBS, C.J., EDMONDSON, J., disqualified.
 

 [1]
 

 The version of
 
 12 O.S. 2001
 
 § 706 in effect at the time of the Pottawatomie County filing provided in pertinent part:
 

 A. Scope. This section applies to all judgments of courts of record of this state, and judgments of courts of record of the United States not subject to the registration procedures of the Uniform Federal Lien Registration Act, Section 3401 et seq. of Title 68 of the Oklahoma Statutes, which award the payment of money, regardless of whether such judgments also include other orders or relief.
 

 B. Creation of Lien. A judgment to which this section applies shall be a lien on the real estate of the judgment debtor within a county only from and after a Statement of Judgment made by the judgment creditor or the judgment creditor's attorney, substantially in the form prescribed by the Administrative Director of the Courts, has been filed in the office of the county clerk in that county.
 

 1. Presentation of a Statement of Judgment and tender of the filing fee, shall, upon acceptance by the county clerk, constitute filing under this section.
 

 2. A lien created pursuant to this section shall affect and attach to all real property, including the homestead, of judgment debtors whose names appear in the Statement of Judgment; however, judgment liens on a homestead are exempt from forced sale pursuant to Section 1 of Title 31 of the Oklahoma Statutes and Section 2 of Article XII of the Oklahoma Constitution.
 

 The pertinent portions of the current version remain substantially unchanged.
 
 See also,
 
 the Uniform Enforcement of Foreign Judgments Act,
 
 12 O.S. 2001
 
 §§ 719
 
 et seq
 
 .
 

 [2]
 

 Title
 
 12 O.S. 2011
 
 § 735 provides in pertinent part:
 

 A. A judgment shall become unenforceable and of no effect if, within five (5) years after the date of filing of any judgment that now is or may hereafter be filed in any court of record in this state: ...
 

 B. A judgment shall become unenforceable and of no effect if more than five (5) years have passed from the date of:
 

 1. The last execution on the judgment was filed with the county clerk;
 

 2. The last notice of renewal of judgment was filed with the court clerk;
 

 3. The last garnishment summons was issued; or
 

 4. The sending of a certified copy of a notice of income assignment to a payor of the judgment debtor.
 

 [3]
 

 Colorado Revised Statutes Annotated 13-52-102 provides in pertinent part:
 

 ... (2)(a) Except as provided in paragraph (b) of this subsection (2), execution may issue on any judgment described in subsection (1) of this section to enforce the same at any time within twenty years from the entry thereof, but not afterwards, unless revived as provided by law, and, after twenty years from the entry of final judgment in any court of this state, the judgment shall be considered as satisfied in full, unless so revived....
 

 [4]
 

 Title 12 Ch.15, App. 1, Rule 1.200, Opinions of the Supreme Court and of the Court of Civil Appeals provides in pertinent part:
 

 ... (2) Opinions of the Court of Civil Appeals which resolve novel or unusual issues may be designated for publication, at the time the opinion is adopted, by affirmative vote of at least two members of the division responsible for the opinion. Such opinions shall remain unpublished until after mandate issues, after which time they shall be published in the Oklahoma Bar Journal, the Oklahoma State Courts Network, and in any unofficial reporter. Such opinions shall bear the notation "Released for publication by order of the Court of Civil Appeals", and shall be considered to have persuasive effect. Any such opinion, however, bearing the notation "Approved for publication by the Supreme Court" has been so designated by the Supreme Court pursuant to 20 O.S. § 30.5, and shall be accorded precedential value. The Supreme Court retains the power to order opinions of the Court of Civil Appeals withdrawn from publication....
 

 [5]
 

 Title
 
 12 O.S. 2011
 
 § 720 provides:
 

 In this act "foreign judgment" means any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.
 

 [6]
 

 Title
 
 12 O.S. 2011
 
 § 721 provides:
 

 A copy of any foreign judgment authenticated in accordance with the applicable Act of Congress or of the statutes of this state may be filed in the office of the court clerk of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of any county of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner. Provided, however, that no such filed foreign judgment shall be a lien on real estate of the judgment debtor until the judgment creditor complies with the requirements of subsection B of Section 706 of this title.
 

 [7]
 

 12 O.S. 2011
 
 § 726 provides:
 

 This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.
 

 [8]
 

 We reference the current version of
 
 12 O.S. 2011
 
 § 735, because, while the statute has been amended since 1977, the amendments have no bearing on the issues in this case. Section 735 provides:
 

 A. A judgment shall become unenforceable and of no effect if, within five (5) years after the date of filing of any judgment that now is or may hereafter be filed in any court of record in this state:
 

 1. Execution is not issued by the court clerk and filed with the county clerk as provided in Section 759 of this title;
 

 2. A notice of renewal of judgment substantially in the form prescribed by the Administrative Director of the Courts is not filed with the court clerk;
 

 3. A garnishment summons is not issued by the court clerk; or
 

 4. A certified copy of a notice of income assignment is not sent to a payor of the judgment debtor.
 

 B. A judgment shall become unenforceable and of no effect if more than five (5) years have passed from the date of:
 

 1. The last execution on the judgment was filed with the county clerk;
 

 2. The last notice of renewal of judgment was filed with the court clerk;
 

 3. The last garnishment summons was issued; or
 

 4. The sending of a certified copy of a notice of income assignment to a payor of the judgment debtor.
 

 C. This section shall not apply to judgments against municipalities or to child support judgments by operation of law.
 

 [9]
 

 The ten year period was applied from a Washington State Statute, Wa. St. § 6.17.020(4) which provided:
 

 Except as provided in subsection (2), (3), and (4) of this section, the party in whose favor a judgment of a court of record of this state or a district court of this state had been or may be rendered, or the assignee, may have an execution issued for the collection or enforcement of the judgment at any time within ten years from the entry of the judgment.
 

 [10]
 

 Title
 
 12 O.S. 1991
 
 § 735.:
 

 [11]
 

 DrllevichConstruction
 
 ,
 
 Inc
 
 . v.
 
 Stock
 
 ,
 
 1998 OK 39
 
 ,
 
 958 P.2d 1277
 
 relied on cases from Texas, Nevada, New Mexico, New York, South Carolina, Kansas, Missouri, Tennessee, Ohio, Connecticut, and North Carolina. Paragraphs 17-19 provides:
 

 ¶17 The Utah Supreme Court noted that its interpretation creating a new Utah judgment, upon the proper registration of a foreign judgment, was consistent with the approach taken by federal courts in their application of
 
 28 U.S.C. § 1963
 
 , a similar federal registration statute. The Utah court noted a line of federal cases which found a new judgment was created with the registration of a foreign judgment.
 
 Id.
 
 (citing Stanford v. Utley,
 
 341 F.2d 265
 
 , 268 (8th Cir. 1965) (Judge, later Justice, Blackmun wrote, "We feel that registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court.", emphasis added); United States v. Palmer,
 
 609 F.Supp. 544
 
 , 548 (E.D.Tenn. 1985) ; Dichter v. Disco Corp.,
 
 606 F.Supp. 721
 
 , 724 (S.D.Ohio 1984) ; Anderson v. Tucker,
 
 68 F.R.D. 461
 
 , 463 (D.Conn. 1975) ; Junaeu [Juneau] Spruce Corp v. Int'l Longshoremen's & Warehousemen's Union,
 
 128 F.Supp. 715
 
 , 717 (N.D.Cal. 1955) ); But see Robinson v. First Wyoming Bank [
 
 274 Mont. 307
 
 ],
 
 909 P.2d 689
 
 (Mont. 1995).
 

 ¶ 18 The Court of Appeals for the Western District of Missouri, applying Missouri law, made a finding similar to that of Pan Energy, viewing a foreign judgment filed in a Missouri court as a new judgment and applying Missouri's ten year statute of limitations from the effective date of that new Missouri judgment. Walnut Grove Prod. v. Schnell,
 
 659 S.W.2d 6
 
 (W.D.MO. 1983).
 

 ¶ 19 Other jurisdictions with holdings similar to that of Pan Energy include: The Texas Supreme Court dismissing an appeal for want of jurisdiction held that when a creditor proceeds under the Uniform Enforcement of Judgments Act, "the filing of the foreign judgment comprises both a plaintiff's original petition and a final judgment."
 
 WalnutEquipmentLeasingCo
 
 . v.
 
 Wu
 
 ,
 
 920 S.W.2d 285
 
 , 286 (Tex. 1996) ; The Supreme Court of Nevada, citing
 
 PanEnergy
 
 v.
 
 Martin
 
 and others, found "that when a party files a valid foreign judgment in Nevada, it constitutes a new action for the purposes of the statute of limitations."
 
 Trubenbach
 
 v.
 
 Amstadter
 
 [
 
 109 Nev. 297
 
 ],
 
 849 P.2d 288
 
 , 290 (Nev. 1993). See also
 
 Galef
 
 v.
 
 BuenaVistaDairy
 
 [
 
 117 N.M. 701
 
 ],
 
 875 P.2d 1132
 
 (N.M.Ct.App. 1994) ;
 
 Mee
 
 v.
 
 Sprague
 
 [
 
 144 Misc.2d 1057
 
 ],
 
 545 N.Y.S.2d 268
 
 (N.Y.Sup. 1989) ;
 
 Payne
 
 v.
 
 Claffy
 
 [
 
 281 S.C. 385
 
 ],
 
 315 S.E.2d 814
 
 (S.C.Ct.App. 1984) ;
 
 Warner
 
 v.
 
 Warner
 
 [
 
 9 Kan.App.2d 6
 
 ],
 
 668 P.2d 193
 
 , 195 (Kan.Ct.App. 1983) ("registration of a foreign judgment which is enforceable when registered gives the judgment creditor a new and additional five years to execute, regardless of when the judgment was rendered in the foreign state.").
 

 [12]
 

 Colorado Revised Statutes Annotated 13-52-102, see note 3, supra.
 

 [13]
 

 Watkins
 
 v.
 
 Conway
 
 ,
 
 385 U.S. 188
 
 ,
 
 87 S.Ct. 357
 
 ,
 
 17 L.Ed.2d 286
 
 (1966).
 

 [14]
 

 Title
 
 12 O.S. 2011
 
 § 720, see note 5, supra.
 

 [15]
 

 Title
 
 12 O.S. 2011
 
 § 721 see note 6, supra.