## GEORGE G. NICOLADZE, Appellant, v. FIRST NATIONAL BANK OF NEVADA, Respondent.

### No. 9136

June 28, 1978                     580 P.2d 1391

*Hawkins, Rhodes, Sharp & Barbagelata,* Reno, for Appellant.

*Stewart & Horton, Ltd.,* Reno, for Respondent.

## OPINION

By the Court, McKibben, D. J.:[1]

Subsequent to the entry of judgment in an action to which appellant George G. Nicoladze was not a party, respondent First National Bank filed a motion to add him as a judgment debtor on the theory that he was the alter ego of defendant corporation Lawler Cattle Company.[2] Without conducting a

---

[1] Mr. Justice Manoukian voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Art. 6, § 4 of the Constitution, designated District Judge Howard D. McKibben to sit in his stead.

[2] We affirmed the underlying judgment in Lawler v. First Nat'l Bank of Nevada, 94 Nev. 196, 576 P.2d 1121 (1978).

hearing on the matter or making any findings, the district court granted the motion. We agree with appellant that such action was improper.

Fundamental due process requires that a person against whom a claim is asserted in a judicial proceeding have an opportunity to be heard and present his defenses. Clark Co. Sports Enterprises v. Kaighn, 93 Nev. 395, 566 P.2d 411 (1977). While we upheld an analogous circumstance of adding a judgment debtor in McCleary Cattle Co. v. Sewell, 73 Nev. 279, 317 P.2d 957 (1957), there such action followed a hearing wherein the district court found that the added party was the alter ego of the defendant. Here, no hearing was held to enable appellant to controvert the alter ego allegation and, from the record, we are unable to discern what factual basis the district court relied upon in holding appellant liable.

Accordingly, the order of the district court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

BATJER, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.