TANDY COMPUTER LEASING, A DIVISION OF TANDY ELECTRONICS, INC., FKA A & A FINANCIAL CORPORATION, APPELLANT, v. TERINA'S PIZZA, INC., AND MATTHEW MOONEY, RESPONDENTS.

No. 19556

December 20, 1989                                784 P.2d 7

---

*Mahan & Ellis*, Las Vegas, for Appellant.

*Mark Brandenburg & Associates* and *Carlene Star,* for Respondents.

## OPINION

*Per Curiam:*

This litigation arose from a lease agreement between a Texas lessor of computer equipment and Nevada respondents as lessees of the equipment. Through the Radio Shack Computer Center in Las Vegas, respondents leased computer equipment for use in their pizza parlors. Appellant owns Radio Shack. Respondent, Matthew Mooney and his wife, Flora Mooney, are the sole shareholders of Terina's Pizza. The lease agreement contained a forum selection clause which stated jurisdiction would be in Texas and venue in Fort Worth, Texas, where appellant does business. The clause is in very small print, on the back of the one page lease agreement, in the second sentence of the last paragraph. The paragraph is labelled "MISCELLANEOUS." Neither Tandy's agent nor respondents knew the clause existed. Consequently, the forum selection clause was not negotiated between the parties. All of the bargaining, the signing of the lease agreement, and delivery of the equipment took place in Nevada. After the computer equipment was installed, a dispute arose concerning its performance. Respondents then defaulted on their lease payments.

Appellant initiated an action in Texas to recover the equipment and amounts due under the lease. Appellant asserted personal jurisdiction over respondents in Texas because of the forum selection clause. Appellant personally served respondents in accordance with Texas law. Respondents did not appear in Texas to contest the action, and a default judgment was entered against them in Texas. Appellant then attempted to enforce the Texas judgment in Nevada under Nevada's Enforcement of Foreign Judgments (Uniform Act). Respondents made a collateral attack on the Texas judgment by filing a motion that asserted lack of

personal jurisdiction. Respondents' motion was granted and the Texas judgment was set aside.

Appellant contends the lower court erred in setting aside the foreign judgment. Specifically, appellant argues the lower court abused its discretion in setting aside the foreign judgment.

Appellant's argument lacks merit. "The Due Process Clause of the 14th Amendment requires that a defendant be subject to the personal jurisdiction of the court." World Wide Volkswagen v. Woodson, 444 U.S. 286, 291 (1980), citing International Shoe Co. v. Washington, 326 U.S. 310 (1945). Furthermore, "[a] judgment rendered in violation of due process is void in the rendering state and is not entitled to full faith and credit elsewhere." World Wide Volkswagen v. Woodson, 444 U.S. at 291, citing Pennoyer v. Neff, 95 U.S. 714, 732-733 (1877). While some forum selection clauses are sufficient to subject parties to the personal jurisdiction of out-of-state courts, not all forum selection clauses are enforceable. "Where such forum selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend Due Process." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, n.14 (1985). (Citation omitted.)

Here, there were no negotiations over this forum selection clause. As noted, neither appellant's agent nor respondents knew the clause existed. Thus, the clause was not "a vital part of the agreement," where "the consequences of the forum clause [figured] prominently in their calculations." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 13, 15 (1972). In *The Bremen,* the forum selection clause "preceded the date and signature" and "could hardly by ignored." *Id.* at 12-13, n.14. This clause was buried on the very bottom of the back page of the lease agreement, in very fine print, in a paragraph labelled MISCELLANEOUS. The signatures are on the front page of the agreement. Nothing on the front page notifies the reader of the specific forum selection clause on the back page. The clause is not even in bold print.

It is unrealistic for a consumer to expect to defend himself in Texas under these facts. All of the transaction elements took place in Nevada. There was no notice of the forum selection clause. Respondents dealt with a local Radio Shack in Las Vegas, Nevada, not Tandy. According to Radio Shack's sales agent, neither Tandy nor Radio Shack told her to advise customers they should read the back terms of the lease agreement. Therefore, because of these reasons, enforcement of this particular clause would be both "unreasonable and unjust." *Id.* at 15.

Also, this clause "should be held unenforceable [because]

enforcement would contravene a strong public policy of . . ." [Nevada]. *Id.* at 15, citing Boyd v. Grand Trunk W. R. Co., 338 U.S. 263 (1949). Nevada favors decisions on the merits. *See generally* Dagher v. Dagher, 103 Nev. 26, 28, 731 P.2d 1329, 1330 (1987). Upholding the clause would defeat this policy by giving appellant an unfair advantage in legitimate litigation. In this case, the computer equipment was not very expensive. Defending in Texas would probably cost more for respondents than to just cave in. We cannot allow parties to bury important clauses in fine print, then spring the clause on unknowing litigants when it is time for litigation. Litigants, in effect, would be deprived of their day in court.

Respondents have thus met their burden of proof with a "strong showing" this forum selection clause should be set aside. *The Bremen,* 407 U.S. at 15. We therefore hold the Texas judgment should not be granted Full Faith and Credit. This particular forum selection clause is unenforceable. It was not "freely negotiated" and enforcement would be both "unreasonable and unjust." *Id.* at 14. Thus, it does not grant personal jurisdiction to the Texas courts over the Nevada respondents. Because there is no personal jurisdiction, the Texas judgment is in violation of due process. Without due process, the judgment is void. The district court did not abuse its discretion in setting aside the void foreign judgment.

Accordingly, we affirm the district court's order.