*959 OPINION

Per Curiam:

Docket No. 23505 is an appeal from an order of the district court denying Carl Frank Martillaro’s motion to vacate a foreign judgment.[1] Docket No. 23842 is an original petition for a writ of mandamus or prohibition. In his petition, Martillara seeks an order from this court directing the district court to grant Martil-laro’s motion to strike the filing of the foreign judgment.

FACTS

On July 15, 1983, Martillara, respondents and others executed a settlement agreement resolving litigation concerning a mining lease to the Plumbago Mine, a gold mine owned by respondents. Martillara, who was designated on the first page of the agreement as a member of the Plumbago Group, signed the agreement three times: on page 14 as vice president of the Plumbago Group, on page 15 as a member of the Plumbago Group and on page 16 as counsel for Robert Plante and the minority shareholders of a group called Dakota Investments.
*960 In the settlement agreement, the Plumbago Group agreed, among other things, to “[indemnify and hold harmless the Mitchell Group [respondents] from any and all claims, demands, causes of action, damages, costs and attorneys fees incurred by it as a result of any claim, demand, or cause of action made or raised by any successor or assign of the Plumbago Group or anyone claiming through or under it.”
Subsequently, a suit was brought against respondents and respondents incurred legal fees in successfully defending that suit. Respondents commenced an action in California Superior Court for indemnification under the settlement agreement excerpted above. After years of litigation, the California Superior Court entered an order granting summary judgment in respondents’ favor on December 11, 1991. Subsequently, on February 18, 1992, the California Superior Court entered a post-judgment “order granting attorney’s fees against defendants Carl Martil-laro and Eugene Chaney.”[2]
On March 13, 1992, respondents filed in the First Judicial District Court in Carson City, Nevada, an exemplified copy of the California order granting attorney’s fees, along with a notice of filing of a foreign judgment, affidavits of the judgment creditors and proof of service. On March 30, 1992, Martillaro filed in district court a motion to strike the notice of filing of foreign judgment. Martillaro argued that the order for attorney’s fees was not a judgment under California law and that the affidavits in support of the notice were technically insufficient.
In response to Martillaro’s motion, respondents sought clarification from the California trial court of its orders and judgments. The matter before the trial court was complicated by the fact that Martillaro’s co-defendant in the California action had satisfied the compensatory portion of the damages awarded in the original order granting summary judgment, leaving only the attorneys’ fees award unsatisfied. The trial judge noted at the hearing on respondent’s motion that it had been the intent of the court that *961 the original order granting summary judgment be a final judgment. The trial judge recognized that there was a technical defect in the original judgment which, in the opinion of the trial judge, was the type of “irregularity which our Court of Appeals would overlook.” The trial judge suggested that the mistake was “obviously non-substantive and without any real significance,” and noted that it was aware of “cases in which our Court of Appeals has overlooked that kind of omission.” Nevertheless, because Martillaro was challenging the validity of the California judgment in Nevada, the trial judge stated his intention to enter a judgment that would correct any technical problem, as follows:
Look, I am going to enter the document which is a judgment. There is not going to be any mistake and nobody is going to be in a position to tell the court in Nevada that there is no judgment in this case. There is going to be a judgment when you walk out of this courtroom this morning.
On May 15, 1992, the California Superior Court entered a summary judgment and award of attorney’s fees against Martil-laro, and declared that the judgment be entered nunc pro tunc to December 11, 1991, the date of the original, arguably technically deficient summary judgment. On May 27, 1992, respondents filed an exemplified copy of the new California judgment in the district court.
On July 13, 1992, Martillaro filed in district court a motion to vacate the judgment of the California Superior Court pursuant to NRCP 60(b). Martillaro argued that the California judgment had been entered as a result of fraud on the California court and that the California court lacked jurisdiction to enter the judgment nunc pro tunc.
On July 30, 1992, the district court denied Martillaro’s motion to strike the notice of filing of foreign judgment. Martillaro filed a notice of appeal from that order on August 17, 1992. On September 3, 1992, the district court denied Martillaro’s motion to vacate the foreign judgment. Martillaro filed a notice of appeal from that order on September 8, 1992. Both appeals were filed in this court under the Docket No. 23505. On September 9, 1992, this court dismissed Martillaro’s appeal from the order denying the motion to strike for lack of an appealable determination. We allowed Martillaro’s appeal from the denial of the motion to vacate to proceed. See Holiday Inn v. Barnett, 103 Nev. 60, 732 P.2d 1376 (1987) (order denying motion for relief from judgment pursuant to NRCP 60(b) is independently appealable). Finally, on December 10, 1992, Martillaro filed in this court a petition for a writ of mandamus or prohibition, which was docketed as No. 23842.

*962
DISCUSSION

A writ of mandamus will not issue if the petitioner has a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170; see Heilig v. Christensen, 91 Nev. 120, 532 P.2d 267 (1975), cert. denied, 423 U.S. 1055 (1976). The same is true of a writ of prohibition. NRS 34.330.
In this case, Martillaro’s appeal from the district court’s order denying his motion to vacate the foreign judgment is an adequate remedy in the ordinary course of the law. Thus, we deny Martil-laro’s petition for a writ of mandamus or prohibition in Docket No. 23842. The arguments tendered in support of that petition, however, may be reviewed in the context of Martillaro’s appeal in Docket No. 23505.
Martillaro argues that the district court should have granted him relief from the foreign judgment because the first document filed by respondents in this state, the order of the California Superior Court awarding attorney’s fees to respondents, was not a judgment under California law. Martillaro further argues that the later nunc pro tunc judgment of the California trial court is ineffective because, according to Martillaro, the California court was without jurisdiction to enter that order. We disagree.
On appeal, the California Court of Appeals affirmed in all respects the initial order granting summary judgment, the order for attorney’s fees, and the subsequent nunc pro tunc judgment of the California trial court. Mitchell v. Martillaro, Nos. A056582, A057354 & A058331, slip op. (Cal. Ct. App. June 10, 1993) (not for publication). Thus, the question of whether the judgment at issue is enforceable in California has been authoritatively answered, and that question is not open to this court.
Martillaro argues, nevertheless, that this court should not enforce the California judgment in Nevada because of the alleged irregularities in the commencement of the proceedings in this state. Specifically, Martillaro argues that the initial affidavit in support of the original order awarding attorney’s fees was statutorily defective, and that the defect that the original order was not an enforceable judgment could not be cured by the subsequently entered judgment. Martillaro argues that respondents should be required to begin their action on the foreign judgment anew.
Initially, we note that Martillaro’s repeated assertion that respondents and the California trial court conceded that the original order was not an enforceable judgment under California law is repelled by the record. Neither respondents nor the California trial court ever conceded that the initial order of the *963 California court was not an enforceable judgment under California law; indeed, the trial judge stated his express belief that the initial order was enforceable as a judgment without modification. Nevertheless, respondents and the California court recognized that the order was possibly subject to challenge due to a purely clerical error, which the California court corrected nunc pro tunc. The California Court of Appeals determined that the trial court acted properly in so doing. Thus, Martillaro’s argument that respondents are attempting to enforce a non-judgment in this state lacks merit.[3]
Even if we were to assume, however, for the sake of argument, that there were some merit to Martillaro’s challenge to the enforceability of the original California order, it would not be wise for this court to conclude at this time that respondents’ present California judgment, which has been affirmed by the California Court of Appeals, cannot now be enforced because of an alleged technical violation of the Uniform Enforcement of Foreign Judgments Act.
“The full faith and credit clause of the United States Constitution requires that a final judgment entered in a sister state must [sic] be respected by the courts of this state absent a showing of fraud, lack of due process or lack of jurisdiction in the rendering state.” Rosenstein v. Steele, 103 Nev. 571, 573, 747 P.2d 230, 231 (1987). Martillaro does not argue in this court, nor do the facts suggest, that the California judgment was procured by fraud on the California courts. Further, the record demonstrates that Martillara was not deprived of due process in the California proceedings; indeed, the process spanned several years in that state. Finally, Martillara has not argued, nor could he, that the California courts lacked subject-matter or personal jurisdiction over the controversy at issue. Martillara merely argues at this point that based on alleged technical deficiencies in the pleadings, *964 respondents should be forced to commence a new, independent action in this state to enforce their judgment. To so require would result in the complete waste of scarce judicial resources.
We conclude, therefore, that the district court properly denied Martillaro’s motion for relief from the foreign judgment, and we affirm in all respects the order of the district court.

 Carl Frank Martillaro died during the pendency of this appeal and this petition for a writ. Alan G. Karow, the administrator of his estate, has been substituted into these consolidated cases in his place. For purposes of clarity, we will refer to the appellant in this opinion as “Martillan).”

 Although the original judgment was in the amount of $28,246.21, the award of attorney’s fees against Martillaro alone was $88,151.25. In affirming this award of attorney’s fees, the California Court of Appeals noted that it was “only one-half the attorney fees prayed for.” Mitchell v. Martillaro, Nos. A056582, A057354 & A058331, slip op. at 10 (Cal. Ct. App. June 10, 1993) (not for publication). That court also quoted the trial court as having found that this matter “might have been handled fairly expeditiously [but that] every step of the way was a huge battle.” The trial court noted farther that Martillaro took “an absolute stonewall position every stage of the way,” and that Martillaro was never willing to resolve the case on a reasonable basis. The trial court also found that “the responsibility for [the delay] is not [respondents’].” Id. at 9.

 The dissent makes much of the fact that respondents have not filed a new notice of filing of foreign judgment in the district court with respect to the California court’s nunc pro tunc judgment, and insists, therefore,, that respondents are attempting only to enforce the original order for attorney’s fees, which the dissent believes to be unenforceable. We view this as a technical defect, at most. It is clear from the record that respondents are attempting to enforce the original order awarding attorney’s fees, as construed by the California court in its amended judgment. Exemplified copies of both documents appear in the record, and Martillaro has been provided with ample notice of the judgment against which he must defend. The amount of the judgment is ascertained with certainty, and respondents’ right to recover the judgment cannot be disputed. Any technical defect in the form of the notice of filing of foreign judgment is of no significant consequence at this stage of this proceeding.