*1087 OPINION

Per Curiam:

The district court dismissed West Virginia judgments against respondents, a group of investors in a West Virginia oil well, on the ground that the West Virginia court violated the respondents’ due process rights by serving them through the mail. Appellant Clint Hurt & Associates argues that the West Virginia judgments are constitutionally valid, and that the district court erred when it dismissed the judgments pursuant to a motion for determination under NRCP 54(b). For the reasons given below, we reverse the district court’s order and remand this case to the district court for further proceedings.
In the summer of 1984, Natchez Drilling Company, Inc. (Natchez), a contractor to respondent Silver State Oil & Gas (Silver State), entered into a contract with appellant Clint Hurt & Associates, Inc. (Hurt). The contract obligated Hurt to drill oil and gas wells on property known as Florence #2, which is located in Wirt County, West Virginia. Silver State held the oil and gas leasehold to Florence #2. On January 11, 1985, Silver State assigned “the right, title, and interest in and to” the Wirt County property to its investors, including the respondents.
Hurt subsequently filed a civil complaint in the Circuit Court of Wirt County, West Virginia, alleging, among other things, that it did not receive payment for drilling the well. The West Virginia court assumed personal jurisdiction over the case on the ground that the respondents “own[ed] an interest in West Virginia property and [did] business in [West Virginia].” The West Virginia Secretary of State notified the respondents of the action pending against them in West Virginia court by certified mail, with return receipt requested.
The West Virginia court entered default judgments against the respondents. Hurt filed the West Virginia judgments in a Nevada district court and notified the respondents. The respondents filed a motion to dismiss the foreign judgments. On August 2, 1993, the district court denied the respondent’s motion because it found that the West Virginia court exercised in rem jurisdiction over the defendants. The respondents also filed a motion to alter or amend; on September 13, 1993, the district court denied the motion.
On November 12, 1993, the respondents filed a motion for determination under NRCP 54(b), which permits a court to enter *1088 a final judgment to some but not all of the parties (respondent Joseph I. Leveque was in bankruptcy). Based on respondents’ motion, the district court “reversed” its decisions to deny the respondents’ motion to dismiss and motion to alter or amend. The district court stated that it “had not realized the West Virginia [cjourt had based its long arm jurisdiction over the Defendants on service by publication in a newspaper in West Virginia, and mailing to the defendants in the State of Nevada.” The district court dismissed the West Virginia judgments.
The full faith and credit clause of the United States Constitution demands that Nevada courts respect the final judgment of a sister state, absent a showing of fraud, lack of due process, or lack of jurisdiction in the rendering state. See United States Const. art. IV, § 1; Karow v. Mitchell, 110 Nev. 958, 878 P.2d 979 (1994); Rosenstein v. Steele, 103 Nev. 571, 747 P.2d 230 (1987). “A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the constitution of this state or the Constitution of the United States.” NRS 14.065. In the present case, the West Virginia court entered default judgments against the respondents after the West Virginia Secretary of State confirmed that all the respondents received copies of the summons and complaint.
We conclude that the district court erred when it held that the respondents were denied due process. Service through return-receipt postage is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 314 (1950). Hurt adequately notified the respondents of the action pending against them when he sent them notice through certified mail, with return receipt requested; therefore, it was constitutional for the West Virginia court to exercise personal jurisdiction over the respondents.
[Headnote 3]
The districtcourt determined that the only applicable provision of the West Virginia long-arm statute was West Virginia Code 56- 3-33(6) (1984), under which a West Virginia court can exercise jurisdiction if the defendant “[has] an interest in, us[es] or possesses] real property in [West Virginia].” Respondents argue that the West Virginia court did not have jurisdiction under the West Virginia long-arm statute because their interest in the prop- erty arose from the limited partnership and was therefore personal property. The respondents cite to Nevada law (NRS *1089 88.528) for support that their interest in the limited partnership was personal property.
“[T]he defenses preserved by Nevada’s Uniform Enforcement of Foreign Judgments Act and available under NRCP 60(b) are limited to those defenses that a judgment creditor may constitutionally raise under the full faith and credit clause and which are directed to the validity of the foreign judgment.” Rosenstein, 103 Nev. at 573, 747 P.2d at 232. West Virginia law determines whether the West Virginia court properly exercised jurisdiction over the immediate case. See id. The respondents cite no West Virginia law that deprives the West Virginia court of jurisdiction over them. The respondents should have raised the issue with the West Virginia court whether the respondents’ interest was in personal or real property. We will not, as requested by respondents, look behind the West Virginia judgments.
We conclude that the district court erred when it refused to enforce the West Virginia judgments on the ground that the respondents did not receive adequate notice[1]; accordingly, we reverse the district court’s order and remand this case to the district court for proceedings consistent with this opinion.

We note that the district court committed a procedural error when it dismissed the West Virginia judgments pursuant to a motion for determination under NRCP 54(b). According to NRCP 59(e), a party must serve a motion for reconsideration of a judgment within ten days after receiving notice of the contested order. The respondents filed their motion for determination, which appeared to act as a motion for reconsideration, well after the ten-day deadline.