An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KIMBERLY JONES,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
GAYLE NATHAN, DISTRICT JUDGE,
Respondents,
and
FLETCHER JONES, JR.,
Real Party in Interest.

No. 62614

FILED

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION FOR
## WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges a district court order denying a motion to dismiss a declaratory relief action.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Writ relief is generally not available, however, when the petitioner has a plain, speedy, and adequate remedy at law. *See* NRS 34.170; NRS 34.330; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. It is within our discretion to determine if a writ

13-21768

petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Because an appeal from the final judgment in an action is generally an adequate and speedy legal remedy, precluding writ relief, this court typically will not consider a writ petition challenging a district court order denying a motion to dismiss, unless no factual dispute exists and the district court was obligated to dismiss the action pursuant to clear authority or there is an important issue of law that needs clarification. *Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 558-59.

Having considered the parties' arguments and the record before us, we conclude that petitioner has not demonstrated that extraordinary relief is warranted in this matter. Initially, as to petitioner's argument that the district court lacks subject matter jurisdiction, while the parties' nonresidency would have prevented the district court from exercising jurisdiction over their divorce, *see* NRS 125.020(2), no such residency requirement is found in the statute providing for a declaratory relief action to adjudicate the validity of a contract. *See* NRS 30.040; *see also May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005) (recognizing that a marital "settlement agreement is a contract, [such that] its construction and enforcement are governed by principles of contract law").

Next, with regard to personal jurisdiction, the forum selection clauses in the parties' three marital agreements constituted evidence of petitioner's consent to jurisdiction in Nevada, sufficient to create a genuine issue of fact, and thus, overcome a motion for summary judgment

on this basis. *See* NRCP 12(b) (explaining that when matters outside the pleading are presented to the district court in support of a motion to dismiss, the motion will be treated as one for summary judgment); *see also Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 731, 121 P.3d 1026, 1029, 1030-31 (2005) (providing that "when reviewing a motion for summary judgment, the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party" and that, to avoid summary judgment, the nonmoving party must present evidence demonstrating the existence of a genuine issue of fact); *Tandy Computer Leasing v. Terina's Pizza, Inc.*, 105 Nev. 841, 843, 784 P.2d 7, 8 (1989) (recognizing that a forum selection clause may be sufficient to subject a party to personal jurisdiction if it is freely negotiated and is not reasonable or unjust). To the extent that petitioner contends the agreements were not freely negotiated and were unreasonable, these are fact questions that should be determined by the district court after the evidentiary hearing as to the validity of the agreements.

Additionally, petitioner argues that the district court should have dismissed the complaint under the pending action doctrine in light of the parties' marriage dissolution proceedings pending in California. In support of this argument, petitioner relies primarily on *Public Service Commission v. Eighth Judicial District Court*, in which this court stated that a court "will not entertain a declaratory judgment action if there is pending, at the time of the commencement of the action for declaratory relief, another action or proceeding to which the same persons are parties and in which the same issues may be adjudicated." 107 Nev. 680, 684, 818 P.2d 396, 399 (1991) (internal quotations omitted). It is not clear, however, that the issues presented in the declaratory relief action may be

adjudicated in the California case. Indeed, while the California court made general recitals that it retained jurisdiction as to the issues remaining after bifurcation, nothing in the record indicates that the California court considered or made findings as to the specific issue of whether it could or would adjudicate the validity of the marital agreements. Thus, petitioner's argument in this regard does not compel the conclusion that the district court was required to dismiss this case, and writ relief is not warranted in this respect. *Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 558-59.

Finally, petitioner contends that the district court should have dismissed the action based on judicial estoppel. In the California court, real party in interest made general statements regarding that court's retention of jurisdiction over the marital issues following bifurcation. Based on the documents provided to this court, it does not appear that these general statements were specific representations made in order to obtain a favorable order as to the bifurcation motion. Instead, these statements seem to indicate primarily that other marital issues beyond the status of the divorce remained pending in the California court after the bifurcation. Thus, they were not "totally inconsistent" with real party in interest's filing of the declaratory relief action in the district court, and we therefore conclude that the district court was not required by clear authority to dismiss this action based on judicial estoppel. *See Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 287, 163 P.3d 462, 468-69 (2007) (explaining that judicial estoppel applies when a party successfully asserts a position in a judicial proceeding and then attempts to take a "totally inconsistent" position in a second such proceeding if the taking of the first position was not a result of ignorance, fraud, or mistake).

In light of these considerations, we conclude that petitioner has not demonstrated that the district court was required to dismiss the action pursuant to clear authority or that an important issue of law needs clarification. *See Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 558-59. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Gayle Nathan, District Judge
     Black & LoBello
     Jimmerson Hansen
     Lemons, Grundy & Eisenberg
     Eighth District Court Clerk