# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER CARMINE CERNUTO,
Appellant,
vs.
CARMINE FRANK CERNUTO, JR.,
Respondent.

No. 72784

FILED

JUN 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion to stay or, in the alternative, deny domestication of a foreign judgment. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

This matter involves a personal property dispute between a father and son. At issue is a trailer purchased in Florida by the father, respondent Carmine Cernuto, titled initially in Christopher Cernuto's name, who is Carmine's son and the appellant. Later, Christopher moved the trailer to Nevada, Carmine used a power of attorney purportedly signed by Christopher to retitle the trailer in his name, and Carmine sued Christopher in Florida for conversion and replevin.[1] Christopher was served with the complaint in Nevada and had actual knowledge of the pending litigation, yet ignored the lawsuit.[2] A Florida circuit court entered a default judgment against Christopher, which Carmine then applied to domesticate in Nevada. Christopher responded with a motion to stay or, in

---

[1]The parties dispute the sequence of these events.

[2]Christopher had counsel who emailed Carmine's attorney in an effort to resolve the case. Carmine's attorney responded by offering Christopher a filing extension. Christopher, nonetheless, failed to file an answer or any responsive pleading.

18-22869

the alternative, deny domestication of the foreign judgment. At the hearing, Christopher admitted that he was served with the Florida complaint and did not file an answer or otherwise respond. The district court summarily denied Christopher's motion and granted Carmine's application.

On appeal, Christopher argues that the district court: (1) erred in not denying domestication of the foreign judgment, (2) erred in not staying enforcement of the foreign judgment, and (3) erred in failing to make findings of fact and conclusions of law in its final order. We disagree with Christopher's arguments and, thus, affirm the district court's decision.

First, as to his domestication argument, Christopher contends that the Florida judgment was fraudulently obtained because the power of attorney Carmine used to retitle the trailer was not valid and that the Florida court lacked jurisdiction over the trailer because it was not located in Florida when the complaint was filed. *See* NRS 17.340 (defining a foreign judgment as one "entitled to full faith and credit" in Nevada); *Clint Hurt & Assocs., Inc. v. Siler State Oil & Gas Co.*, 111 Nev. 1086, 1088, 901 P.2d 703, 705 (1995) (providing that the United States Constitution's full faith and credit clause "demands that Nevada courts respect the final judgment of a sister state, absent a showing of fraud, lack of due process, or lack of jurisdiction in the rendering state"). Denying domestication based on Christopher's arguments would require a court to "look behind" a sister-state default judgment, however, which we will not do. *See Clint Hurt & Assocs.*, 111 Nev. at 1088-89, 901 P.2d at 705 (refusing to "look behind" a sister-state default judgment when respondents ignored litigation even though service of process had been effectuated that adequately apprised them of the litigation); *see also Rosenstein v. Steele*, 103 Nev. 571, 573-74, 747 P.2d 230, 232 (1987) (holding that no deprivation of due process was

shown to support denying domestication of a foreign judgment when the record demonstrated that appellant was aware of pending litigation in another state, yet presented no reasonable explanation for not responding).

As in both *Clint Hurt & Associates* and *Rosenstein*, Christopher had notice of the pending litigation in Florida and ignored it. Any defenses or countersuits that Christopher had should have been alleged in a responsive pleading in the Florida lawsuit. Consequently, Christopher has failed to assert a defense to the Florida judgment that could be recognized under the full faith and credit clause. As such, we conclude that the district court did not abuse its discretion in denying Christopher's motion to deny domestication of the Florida judgment. *See Tandy Comput. Leasing v. Terina's Pizza, Inc.*, 105 Nev. 841, 844, 784 P.2d 7, 8 (1989) (reviewing a decision regarding domestication of a foreign judgment for an abuse of discretion).

Next, Christopher summarily argues that the district court erred in not staying enforcement of the judgment.[3] But Christopher failed to show the district court "any ground upon which enforcement of a judgement of any court of this state would be stayed,"[4] *see* NRS 17.370 (providing the requirements for staying enforcement of a foreign judgment to include showing a basis for stay, such as a pending appeal), and failed to make any cogent arguments regarding stay to this court, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38

---

[3]Indeed, most of Christopher's appellate arguments focus on the grounds for denying domestication rather than granting a stay.

[4]During the district court hearing, Christopher alleged that he was attempting to have the Florida judgment set aside but failed to provide any court filings or other evidence to support that allegation.

(2006) (declining to consider claims that are not cogently argued or supported by relevant authority). As such, this argument does not provide a basis to reverse the district court's order.

As to Christopher's final argument, NRCP 52(a) identifies the motions upon which a district court is required to make findings of fact and conclusions of law, and motions to stay enforcement or deny domestication of a foreign judgment are not included. And, as discussed above, our review of the record demonstrates support for the district court's decision despite the lack of any explicit findings or conclusions. *See In re Estate of Williams*, 109 Nev. 941, 943, 860 P.2d 166, 168 (1993) (holding that that even when findings of fact and conclusions of law are not required by NRCP 52(a), the record must still indicate support for the lower court's decision); *see also Mason v. Cuisenaire*, 122 Nev. 43, 47, 128 P.3d 446, 448-49 (2006) (recognizing an implicit finding that a judgment was entitled to domestication where express findings of fact and conclusions of law regarding the party's arguments against domestication were absent).

Based on the foregoing, we

ORDER the judgement of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:  Hon. Michelle Leavitt, District Judge
     James J. Jimmerson, Settlement Judge
     The Law Offices of Patrick Driscoll, LLC
     Law Office of Hayes & Welsh
     Eighth District Court Clerk