138 Nev., Advance Opinion 26

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEONIDAS P. FLANGAS, AN
INDIVIDUAL,
Appellant,
vs.
PERFEKT MARKETING, LLC, AN
ARIZONA LIMITED LIABILITY
COMPANY,
Respondent.

No. 81385



FILED

APR 14 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a motion to set aside a domesticated foreign judgment. Eighth Judicial District Court, Clark County; Trevor L. Atkin, Judge.

*Affirmed.*

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno; Christopherson Law Offices and Ian Christopherson, Las Vegas, for Appellant.

The Law Office of Vernon Nelson and Vernon A. Nelson, Jr., Las Vegas, for Respondent.

BEFORE THE SUPREME COURT, EN BANC.[1]

---

[1]The Honorable Abbi Silver, Justice, is disqualified from participation in the decision of this matter.

22-11778

*OPINION*

By the Court, CADISH, J.:

Respondent judgment creditor domesticated a foreign judgment in Nevada within the rendering state's statute of limitations but did not perfect service of the domestication notice on appellant judgment debtor until after the rendering state's limitations period for judgment enforcement passed. The district court denied appellant's motion to set aside the judgment, determining that respondent timely domesticated the judgment in Nevada and that respondent's accomplishment of actual service of the domestication notice on a later date did not affect the judgment's enforceability. Appellant now argues that the judgment is invalid and unenforceable because respondent did not renew it in the rendering state before it served appellant with notice of the domestication, thereby allowing the judgment to expire in the meantime. Appellant also argues that enforcement of a foreign judgment under such circumstances violates a judgment debtor's due-process rights.

We conclude that under the Uniform Enforcement of Foreign Judgments Act, which Nevada has adopted, a foreign judgment is enforceable in Nevada if the judgment creditor domesticates that judgment according to the provisions of the Act within the rendering state's limitations period, and additionally, complies with the statutory notice provisions of the Act, which the district court correctly determined that appellant did here. We further conclude that enforcement of the foreign judgment does not violate due process because respondent served the domestication notice by certified mail, as required by statute, and this type of service is reasonably calculated to reach interested parties in this context. Accordingly, we affirm.

 

## FACTS AND PROCEDURAL HISTORY

Respondent Perfekt Marketing, LLC, obtained a judgment, entered on May 5, 2014, against appellant Leonidas Flangas in Arizona. On February 5, 2019, Perfekt Marketing domesticated the judgment by filing a certified copy of the foreign judgment and an affidavit of the foreign judgment's validity and enforceability, along with the names and last known addresses of the judgment debtor and creditor, respectively, in a Nevada district court. On February 6, 2019, Perfekt Marketing sent a notice of the filed application and affidavit by certified mail, return receipt requested, to Flangas's last-known address, as well as to the address of Flangas's attorney in Arizona. Additionally, Perfekt Marketing filed an affidavit of service with the Nevada district court to verify the date of service of the notice of the application and affidavit.

Perfekt Marketing never received confirmation by way of the return receipt that Flangas received the mailed notice. Thereafter, it attempted personal service of the notice on Flangas at the same, last-known personal address on four subsequent occasions. Perfekt Marketing accomplished personal service on Flangas on June 6, 2019, this time at the address of Flangas's law firm, approximately 120 days after the domestication notice was first mailed to Flangas and his Arizona attorney.

Thereafter, Flangas sought relief from the foreign judgment under NRCP 60(b). He argued that the Arizona judgment had expired, and thus, was void, because Perfekt Marketing failed to renew the judgment under Arizona law before it perfected personal service of the domestication notice on Flangas. Flangas also contended that the judgment was not entitled to full faith and credit because the delay in service of the domestication violated statutory-notice and due-process guarantees. Perfekt Marketing opposed and argued that the registration of a foreign

SUPREME COURT
OF
NEVADA

(O) 1947A

3

judgment in Nevada domesticates the judgment in Nevada and triggers the six-year statute of limitations in Nevada for judgment enforcement. It contended that it properly domesticated the Arizona judgment, regardless of the timing of personal service, because it filed the judgment in Nevada before its expiration under the Arizona statute of limitations. The district court ultimately denied Flangas's NRCP 60(b) motion, concluding "that the filing date of the application of foreign judgment [was] the effective date of the" judgment in Nevada and "that there [was] no requirement that the notice of foreign judgment be served upon [the] judgment debtor." Flangas now appeals.

## DISCUSSION

*Enforceability of a foreign judgment is not defeated if a judgment creditor domesticates the judgment before its expiration in the rendering state, notwithstanding that the judgment debtor receives notice of the filing after its purported expiration in the rendering state*

Flangas argues that the date on which a judgment creditor provides actual notice of the filing of the foreign judgment to the judgment debtor serves as the operative date to determine whether a foreign judgment is valid and enforceable in a Nevada court. He asserts that the Arizona judgment had expired by the time Perfekt Marketing provided Flangas with actual notice of the domestication because the notice was not accomplished until after the Arizona statute of limitations for judgment enforcement had expired, and Perfekt Marketing failed to renew the judgment in Arizona before that expiration date. Further, he contends that Nevada courts cannot enforce an expired judgment, as it is no longer valid. We disagree.

Nevada's "enforcement measures" apply to the enforcement of foreign judgments. *See Baker v. Gen. Motors Corp.*, 522 U.S. 222, 235 (1998) ("Enforcement measures . . . remain subject to the evenhanded control of forum law."). Nevada has adopted the Uniform Enforcement of Foreign Judgments Act (UEFJA) to govern the procedures to domesticate and enforce a foreign judgment in Nevada. *See* NRS 17.330-.400. A foreign judgment is "any judgment of a court of the United States or of any other court which is entitled to full faith and credit." NRS 17.340. The UEFJA mandates enforcement of "any foreign judgment" by providing that "[a]n exemplified copy of any foreign judgment may be filed with the clerk of any district court of this state. *The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state.*" NRS 17.350 (emphasis added). We have explained that this language means that the act of domesticating a "foreign judgment in a Nevada district court" creates "a new action for the purposes of the statute of limitations." *Trubenbach v. Amstadter*, 109 Nev. 297, 301, 849 P.2d 288, 290 (1993). The foreign judgment, in effect, becomes a Nevada judgment subject to Nevada's enforcement rules. *See id.*; *see also* NRS 17.350 ("A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying *as a judgment of a district court of this state and may be enforced or satisfied in like manner.*" (emphasis added)). Thus, contrary to Flangas's argument, the date a foreign judgment is filed in Nevada, as opposed to the date actual notice of the filing is accomplished, provides the relevant date to determine a foreign judgment's enforceability and validity. *Trubenbach*, 109 Nev. at 299-300, 849 P.2d at 289. Accordingly, we focus on whether the Arizona judgment

SUPREME COURT
OF
NEVADA

(O) 1947A

was enforceable and entitled to full faith and credit at the time Perfekt Marketing filed a copy of the foreign judgment in Nevada district court.

Here, the parties do not dispute that the foreign judgment remained enforceable under Arizona law when Perfekt Marketing domesticated the judgment in Nevada before its expiration under the Arizona statute of limitations. *See generally* Ariz. Rev. Stat. Ann. § 12-1551(A) (2013) (providing that a judgment is enforceable "at any time within five years"). Because the date of filing is operative in determining enforceability, and because Perfekt Marketing registered the judgment in Nevada within Arizona's limitations period, the Arizona judgment never expired. Thus, the district court properly determined that renewal was not required to enforce the judgment. *See Tandy Comput. Leasing v. Terina's Pizza, Inc.*, 105 Nev. 841, 844, 784 P.2d 7, 8 (1989) (reviewing a decision on a motion to set aside a foreign judgment for an abuse of discretion); *Skender v. Brunsonbuilt Constr. & Dev. Co.*, 122 Nev. 1430, 1435, 148 P.3d 710, 714 (2006) (observing that the district court abuses its discretion when it makes an "arbitrary or capricious" decision or "exceeds the bounds of law or reason" (internal quotations omitted) (quoting *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001))).

Moreover, the six-year statute of limitations that governs the judgment's enforcement in Nevada began to accrue on February 5, 2019, when Perfekt Marketing filed the application, copy, and affidavit of the foreign judgment. *See Trubenbach*, 109 Nev. at 301, 849 P.2d at 290 (explaining that domestication of a foreign judgment according to the UEFJA's requirements triggers the six-year statute of limitations that governs judgment enforcement in Nevada); *see also* NRS 11.190(1)(a) (permitting a judgment creditor to enforce any "judgment or decree of any

court of the United States, or of any state or territory within the United States" for six years). Regardless of whether actual notice was even required, Flangas received actual notice of the judgment before its expiration under the Nevada statute of limitations. Thus, we turn to the remaining issue of whether the Arizona judgment was entitled to full faith and credit when Perfekt Marketing filed the judgment in Nevada.

*The Arizona judgment was entitled to full faith and credit when Perfekt Marketing filed it in Nevada district court*

Flangas argues that the Arizona judgment is not entitled to full faith and credit because the Arizona statute of limitations expired before Perfekt Marketing accomplished actual notice of the domestication of the foreign judgment. Additionally, he argues that the Arizona judgment is invalid on full-faith-and-credit grounds because present enforcement of the judgment denies him present due process of law. We disagree.

A foreign judgment is entitled to full faith and credit if it constitutes a valid and final judgment of the rendering state. *Clint Hurt & Assocs., Inc. v. Silver State Oil & Gas Co.*, 111 Nev. 1086, 1088, 901 P.2d 703, 705 (1995). A foreign judgment's validity is vulnerable to attack only on "a showing of fraud, lack of due process, or lack of jurisdiction in the rendering state." *Id.* Plainly, then, a rendering state's statute of limitations does not relate to the judgment's validity, and thus, does not provide a basis for a court to refuse to recognize a foreign judgment as entitled to full faith and credit. *See Baker*, 522 U.S. at 235; *see also, e.g.*, *M'Elmoyle ex rel. Bailey v. Cohen*, 38 U.S. 312, 328 (1839) (applying forum's statute of limitations to bar enforcement of a valid and enforceable foreign judgment); *Boudette v. Boudette*, 453 P.3d 893, 896-97 (Mont. 2019) (applying Montana's ten-year statute of limitations to enforcement of an Arizona divorce decree that was registered in Montana under the UEFJA and reversing the trial court's

order granting the husband's motion to extinguish the judgment on the basis that it expired under Arizona's five-year judgment-enforcement limitation period while recognizing that "the Full Faith and Credit Clause does not compel the forum state to use the period of limitation of a foreign state" (quoting *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 517 (1953))), *cert. denied*, ___ U.S. ___, 140 S. Ct. 2811 (2020); *see also* U.S. Const. art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."). In this vein, we have acknowledged that the full-faith-and-credit doctrine does not prevent states from applying the statutes of limitations of their forums to the enforcement of foreign judgments, even if such application bars enforcement of otherwise valid and final judgments. *See Trubenbach*, 109 Nev. at 300, 849 P.2d at 289-90. We also recognized that a judgment's validity presents a distinct question from its enforceability based on the statute of limitations. *See id.* at 298-99, 849 P.2d at 289 (noting that "[t]he parties agree[d] that the [foreign] judgment [wa]s valid" before discussing "what date triggers commencement of the [Nevada] statute of limitations" for the judgment's enforcement).

Here, Flangas challenges the validity of the Arizona judgment by claiming that the statute of limitations in Arizona expired before he received notice of the filing. However, a state's statute of limitations does not bear on the validity of the judgment. Instead, the dispositive issue is whether a full-faith-and-credit ground exists to refuse to recognize the judgment. Flangas offers none. He does not argue that Perfekt Marketing procured the judgment by fraud, that the rendering court lacked subject-matter or personal jurisdiction, or that the rendering court deprived him of

due-process protections.[2]   Nor does the record support such claims. Accordingly, the Arizona judgment was entitled to full faith and credit. In these circumstances, the UEFJA mandates enforcement of the Arizona judgment. *See* NRS 17.350. Thus, we conclude that the district court did not abuse its discretion in recognizing and enforcing the Arizona judgment in Nevada.

*The UEFJA's notice provisions are reasonably calculated to notify a judgment debtor of a judgment-enforcement proceeding, and Perfekt Marketing complied with its requirements*

Flangas argues that the UEFJA's notice provisions violate due process, as those provisions do not require judgment creditors to ensure judgment debtors receive actual notice, and instead, allow creditors to notify judgment debtors of judgment-enforcement proceedings by certified mail, return receipt requested.   He also contends that Perfekt Marketing failed to promptly comply with the UEFJA's requirements because it provided actual notice of the domestication four months after it filed the foreign judgment in Nevada.   We disagree.

The UEFJA requires a judgment creditor, "[p]romptly upon filing the foreign judgment and affidavit," to "mail notice of the filing of the judgment and affidavit . . . to the judgment debtor and to the judgment debtor's attorney of record, if any, each at his or her last known address by

_____

[2]Flangas's contention that enforcement of the Arizona judgment in Nevada denies him due process of law, and thus, renders the judgment invalid is legally insufficient under the full-faith-and-credit doctrine.   A foreign judgment is invalid under the full-faith-and-credit doctrine if the *rendering court* denied the judgment debtor due process *at the time the judgment was entered. See Clint Hurt*, 111 Nev. at 1088, 901 P.2d at 705. Flangas neither alleged facts to support that he was denied due process by the Arizona court nor presented any evidence thereof.

certified mail, return receipt requested." NRS 17.360(2). The judgment creditor must also "file with the clerk of the court an affidavit setting forth the date upon which the notice was mailed." *Id.* However, the judgment creditor does not need to verify with the court that the certified-mailing receipt was returned, i.e., received, by the judgment debtor. *See id.* NRS 17.360(3) also delays "execution or other process for enforcement of a foreign judgment . . . until 30 days after the date of mailing the notice of filing" without reference to when the judgment debtor receives actual notice, if at all.

The issue of whether the absence of an actual-notice requirement under the UEFJA violates due process is one of first impression, which we review de novo. *Douglas Disposal, Inc. v. Wee Haul, LLC*, 123 Nev. 552, 557, 170 P.3d 508, 512 (2007) (applying de novo review in considering the constitutionality of a statute). Actual notice means that an interested party in fact receives notice of any action against them. *See Dusenbery v. United States*, 534 U.S. 161, 169 (2002). The U.S. Supreme Court has declined to adopt bright-line rules or methods for constitutionally sufficient notice, and instead, has distinguished between "actual notice" and notice sufficient to satisfy due process. *E.g., Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Dusenbery*, 534 U.S. at 170. In so doing, the Supreme Court, and this court, have required "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" before a party is deprived of a protected property or liberty interest. *Grupo Famsa, S.A. de C.V. v. Eighth Judicial Dist. Court*, 132 Nev. 334, 337, 371 P.3d 1048, 1050 (2016) (internal quotations omitted) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Thus, due process does

not require, as a matter of right, receipt of actual notice in every context. *See, e.g.*, *Jones*, 547 U.S. at 226. Instead, the focus is on whether the method chosen is "reasonably calculated" to provide actual notice. *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 484 (1988). That determination considers "the reasonableness of . . . a particular method" in light of "the particular circumstances" in which the need for the method arises. *Id.*; *see also Grupo Famsa*, 132 Nev. at 337, 371 P.3d at 1050.

Unsurprisingly, the Supreme Court has expressly approved of the use of mail to accomplish the notice element of due process. *Tulsa Prof'l*, 485 U.S. at 489-90 (concluding that service by mail constituted "an inexpensive and efficient mechanism . . . reasonably calculated to provide actual notice"). It has also determined that the government may use certified mail to provide notice to those affected by an action. *See Jones*, 547 U.S. at 226-27. In *Jones*, the Supreme Court considered whether a state's method to provide notice to debtors by certified mail of tax delinquencies that entitled the state to sell their properties satisfied the reasonably calculated standard. *Id.* at 223, 226. It cautioned that notification by certified mail "make[s] actual notice less likely *in some cases*," and therefore, the method potentially necessitates "reasonable followup measures" by government officials, such as a "notice [posted] on the front door" of a debtor's property, once those officials realize that the chosen method failed to accomplish notice. *Id.* at 234-35 (emphasis added). Because state officials there became aware that the debtor never retrieved the certified mailing, it became necessary for the officials to "take[ ] additional reasonable steps to notify" the debtor. *Id.* at 234.

SUPREME COURT
OF
NEVADA

(O) 1947A

The circumstances in *Jones*, where the government sought to deprive debtors of property *ex ante* to a judicial proceeding, are not analogous to the circumstances here, where a judgment creditor seeks to enforce a valid and final judgment. A post-judgment proceeding to enforce a judgment between private parties presents a meaningfully distinct situation from the underlying action that gave rise to the judgment. By the time the judgment creditor seeks to enforce the judgment, the judgment debtor has received notice of and the opportunity to participate in the underlying action. *Cf.* NRCP 4.2(a)(2) (providing methods by which to serve a summons and copy of a complaint, such as "by leaving a copy of [both] . . . at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein"). Further, the judgment debtor has either appealed or forgone the right to appeal the underlying action to the full extent permitted by the rendering state's law. Therefore, unless obtained by default, a judgment debtor knows of the existence of the judgment against them and should expect future enforcement of the judgment. Additionally, the lack of a return receipt alerts the judgment creditor that additional steps may be needed to accomplish actual notice. Indeed, Perfekt Marketing took those steps to provide Flangas with notice after it became aware that Flangas did not receive the mailed notice, as it eventually served him with notice at alternate addresses.

Due-process jurisprudence recognizes a sliding scale that demands more protections the more substantial the intrusion or deprivation of a constitutionally protected right. *Cf. Valdez-Jimenez v. Eighth Judicial Dist. Court*, 136 Nev. 155, 165, 460 P.3d 976, 987 (2020) (concluding that "additional procedural safeguards are necessary before bail may be set in

Supreme Court
OF
Nevada

(O) 1947A

an amount that results in continued detention"). Not only does mail notice qualify as reasonably calculated to apprise interested parties of a proceeding, but also certified-mail notice here follows underlying completed litigation and concerns post-judgment enforcement.[3] We thus agree with those jurisdictions that have addressed notice provisions similar to the one at issue here and have concluded that post-judgment enforcement tolerates less robust notice provisions, as the judgment debtor has already litigated his rights and obligations. *See, e.g., Gedeon v. Gedeon*, 630 P.2d 579, 582-83 (Colo. 1981) (concluding that a notice-by-mail requirement under Colorado's version of the UEFJA satisfied due process because "the debtor's interest in . . . his property . . . ha[d] already been protected by prior notice and hearing"); *Wells Fargo Equip. Fin., Inc. v. Retterath*, 928 N.W.2d 1, 10 (Iowa 2019) (same). Accordingly, we conclude the UEFJA's requirement that a judgment creditor send notice of the filing by certified mail with return receipt requested to the judgment debtor and his attorney at each's last-known address provides a method reasonably calculated to inform the judgment debtor of a post-judgment enforcement proceeding and to protect the judgment debtor's due-process rights and property interests.

Flangas does not dispute that Perfekt Marketing complied with the statutory requirements to send the notice of the filing and the affidavit by certified mail, return receipt requested, to him and his attorney and to file an affidavit that verified the date of the certified mailing. Instead, he contends that the four months Perfekt Marketing took to accomplish actual

---

[3]Additionally, post-judgment enforcement in Nevada provides protections to judgment debtors against wrongful deprivation of property. *See, e.g.*, NRS 21.075 (providing requirements for the content of a writ of execution).

notice through personal service was not prompt. We disagree, however, because the date when Flangas received the notice of the domestication is irrelevant to the issue of promptness in light of our conclusion that the certified-mail provision in NRS 17.360(2) satisfies due process. The record supports that Perfekt Marketing mailed the notice one day after it filed the foreign judgment. Thus, we conclude that Perfekt Marketing exercised due diligence.[4] Accordingly, enforcement of the Arizona judgment in Nevada does not violate Flangas's procedural due-process rights.[5]

*Enforcement of the Arizona judgment in Nevada does not deprive Flangas of the opportunity to be heard*

Flangas argues that enforcement of the Arizona judgment deprives him of due process because actual notice after the purported expiration of the Arizona judgment deprived him of defenses under Arizona law, which he does not identify, to attack the Arizona judgment. He says, without citation to authority, that the expiration of the Arizona judgment precludes him from raising a collateral attack on the judgment in an Arizona forum. Along the same lines, he also contends that he lost the ability to raise defenses under the UEFJA, which, again, he fails to identify. While Flangas bears "responsibility to present relevant authority and

---

[4]In any event, Perfekt Marketing accounted for the fact that Flangas did not receive the certified-mail notice by attempting on several occasions, and eventually accomplishing, personal service. *Cf. Jones*, 547 U.S. at 230.

[5]Flangas also disputes that Perfekt Marketing mailed the notice to a viable, last-known address. He points to no evidence in the record to support his claim, and instead, relies on arguments made by his attorney, one of which occurred after the district court issued its appealed order. Attorney statements are not evidence. *See, e.g., Bongiovi v. Sullivan*, 122 Nev. 556, 580, 138 P.3d 433, 450 (2006). Because Flangas fails to offer support in the record for his assertion, and because he did receive actual notice of the filing, we decline to consider this argument.

cogent argument," and "issues not so presented need not be addressed by this court," *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987), we nevertheless review de novo the district court's decision to enforce the judgment based on Flangas's claim that it implicates constitutional issues, *Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 618, 173 P.3d 707, 711 (2007). However, we conclude that Flangas is not entitled to reversal because he has not established that any delay in serving notice of the judgment's domestication in Nevada deprived him of otherwise available Arizona and UEFJA defenses, and thus, due process.

Procedural due process guarantees the opportunity to present every available defense. *Nicoladze v. First Nat'l Bank of Nev.*, 94 Nev. 377, 378, 580 P.2d 1391, 1391 (1978). "[T]he defenses preserved by Nevada's [UEFJA] and available under NRCP 60(b) are limited to those defenses that a judgment debtor may constitutionally raise under the" Full Faith and Credit Clause and that concern "the validity of the foreign judgment." *Rosenstein v. Steele*, 103 Nev. 571, 573, 747 P.2d 230, 232 (1987); *see also* NRS 17.350 (providing that a filed foreign judgment "is subject to the same . . . defenses . . . as a judgment of a district court of this state"). The Full Faith and Credit Clause limits attacks on a foreign judgment to those that concern fraud, lack of jurisdiction, and lack of due process at the time the rendering state entered the judgment. *Rosenstein*, 103 Nev. at 573, 747 P.2d at 231-32. Similarly, the rule against collateral attacks on a final judgment applies to the enforcement of domesticated judgments and limits challenges to the grounds that "the issuing court lacked personal jurisdiction or subject matter jurisdiction." *State v. Sustacha*, 108 Nev. 223, 226 n.3, 826 P.2d 959, 961 n.3 (1992).

Flangas does not point to any defenses under Arizona law that he lost because of the alleged delay in receiving actual notice. Indeed, he cannot identify those defenses because Arizona law, like Nevada law, allows a collateral attack on a judgment only on the grounds that the issuing court lacked personal or subject-matter jurisdiction. *See Walker v. Davies*, 550 P.2d 230, 232 (Ariz. 1976). Even if Flangas had actual notice of the filing before May 5, 2019, he still would lack any ability to attack the judgment on its substantive merits. More importantly, full faith and credit, not the date of actual notice of the domestication, limits Flangas's ability to attack the validity of the Arizona judgment. Those defenses under the Nevada UEFJA are virtually the same, or even more robust, than Arizona's rule against collateral attacks: fraud, lack of jurisdiction, and lack of due process. Thus, enforcement of the foreign judgment in these circumstances does not deprive Flangas of the opportunity to present defenses to attack the Arizona judgment because he never possessed, either under full faith and credit or under Arizona law, additional grounds beyond fraud, lack of jurisdiction, and lack of due process.[6]

---

[6]Flangas also argues that enforcement of the Arizona judgment deprives him of defenses under a settlement agreement. However, he did not offer a copy of the agreement in district court and thus the record contains no such agreement, and his alleged "numerous factual references" to the agreement below and on appeal do not prove the agreement's existence and content. We decline to address this claim of error, as "[w]e cannot consider matters not properly appearing in the record on appeal." *Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) (refusing to consider a claim of error based on a document that does not appear in the record).

## CONCLUSION

Under the UEFJA, Nevada courts must enforce any foreign judgment entitled to full faith and credit as if that judgment was rendered in this state. The district court properly concluded that a foreign judgment's enforceability is determined on the date the foreign judgment is domesticated in Nevada district court pursuant to NRS 17.360(2), and that a domesticated foreign judgment is enforceable in Nevada for six years from the date of registration according to NRS 11.190(1)(a). Perfekt Marketing filed the copy of the foreign judgment and affidavit, as required by NRS 17.360(2), within the Arizona statute of limitations, and no full-faith-and-credit grounds exist to attack the Arizona judgment. Therefore, the foreign judgment is enforceable in Nevada as if it was rendered by a Nevada court.

We also conclude that the certified-mail method under NRS 17.360(2) is reasonably calculated to apprise a judgment debtor of a post-judgment enforcement proceeding, as it follows underlying litigation in which the judgment debtor's rights and liabilities were adjudicated. Flangas was not deprived of due process here because Perfekt Marketing sent, one day after it filed the judgment, the notice of the filing and the affidavit by certified mail, return receipt requested, to Flangas and his attorney at their last-known addresses. And although not required as a matter of course, Perfekt Marketing personally served the notice after it became aware that Flangas had not received the certified mailing. Finally, we conclude that enforcement of the Arizona judgment, which was registered in Nevada before it expired in Arizona, does not deprive Flangas of any defenses, as his defenses are inherently limited by the Full Faith and

SUPREME COURT
OF
NEVADA

(O) 1947A

Credit Clause, regardless of the date he received actual notice of the domestication. Accordingly, we affirm the district court's order denying Flangas relief from the foreign judgment.

_____, J.
Cadish

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Pickering

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A